UNITED STATES of America, Appellee,

v.

Marcel Dupre DUKE, Appellant.

No. 90–5351.

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1991.

Decided June 10, 1991.

Rick E. Mattox, Eagan, Minn., for appellant.

Denise Reilly, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and DUMBAULD,* District Judge.

BOWMAN, Circuit Judge.

Marcel Duke appeals his sentence imposed by the District Court[1] following his plea of guilty to one count of aiding and abetting the maintenance of a place for the distribution of cocaine in violation of 21 U.S.C. § 856(a)(1) (1988) and 18 U.S.C. § 2 (1988). We affirm.

---

* The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Duke claims that the District Court erred in giving his offense level a two-point increase for obstruction of justice pursuant to section 3C1.1 of the Sentencing Guidelines. Duke entered into a plea agreement that called for him to provide truthful information to the government about narcotics activities of which he was aware. After a series of interviews, the government concluded that Duke had been less than forthright and moved to withdraw from the plea agreement. After a hearing, the District Court denied this motion. Duke claims that the two-point offense level increase for obstruction of justice is inconsistent with the District Court's decision not to allow the government to withdraw from the plea agreement. The District Court, however, is given broad discretion to apply section 3C1.1 to a wide range of conduct. *See* U.S.S.G. § 3C1.1, comment. (n. 3). That the Court denied the government's motion to withdraw from the plea agreement does not mean that the Court could not also find that Duke "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice." U.S.S.G. § 3C1.1. The finding of the District Court that Duke obstructed justice was not clearly erroneous. *See* 18 U.S.C. § 3742(e) (1988).

Duke also contends that the District Court erred in refusing to grant a two-point reduction in the offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We disagree. The sentencing judge is afforded much discretion in deciding whether or not to grant the acceptance-of-responsibility reduction. *See* U.S.S.G. § 3E1.1, comment. (n. 5). Duke's plea of guilty and his agreement to cooperate with the government are factors to be considered. They do not, however, compel the conclusion that the District Court could not exercise its discretion by denying the requested reduction, especially in light of the Court's decision to apply the obstruction of justice sentencing enhancement. *See* U.S.S.G. § 3E1.1, comment. (nn. 3–4). The District Court's determination not to grant the two-point reduction "is entitled to great deference and should not be disturbed unless it is without foundation." *United States v. Keene*, 915 F.2d 1164, 1170 (8th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1001, 112 L.Ed.2d 1084 (1991). We cannot say the District Court's decision was without foundation, and we see no abuse of discretion in its denial of this reduction.

Finally, Duke contends that the District Court erred in increasing his offense level by two points for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). This contention lacks merit. According to the presentence investigation report, a search of Duke's home uncovered twenty-three grams of a cocaine-like substance, two scales, and a .22 caliber revolver. Based on this and on other information, the District Court was not clearly erroneous in finding that Duke had possessed a firearm during his commission of a drug trafficking crime.