978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
David LEDERLE, Appellant.
 No. 92-1165.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 11, 1992.
Filed: November 4, 1992.
 
 Before MAGILL, Circuit Judge, LAY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 David Lederle appeals his conviction and sentence for drug offenses. We affirm.
 
 I. BACKGROUND
 
 2
 Lederle pleaded guilty to charges of conspiracy to possess and distribute cocaine and marijuana, but reserved the right to appeal an adverse decision on his motion to suppress evidence found during a warrantless search of his home.[1] Police searched Lederle's house, without a warrant, in response to a report that a security alarm had been triggered. While searching the house for intruders, without objection from the teenaged babysitter, they found numerous marijuana plants.[2] Lederle moved to suppress the evidence. After a hearing, the magistrate judge found exigent circumstances justified the search and essentially recommended that the motion be denied.[3] United States v. Lederle, No. CR 90-0017, slip op. at 9-10 (N.D. Iowa March 18, 1991) (Report and Recommendation of Magistrate Judge). Lederle objected to the finding, but the district court overruled his objections and adopted the findings and recommendation of the magistrate judge. United States v. Lederle, No. CR 90-0017, slip op. at 4-5 (N.D. Iowa May 2, 1991). Lederle entered a conditional plea to the marijuana count, reserving the right to appeal the issue.
 
 
 3
 Lederle was sentenced to 175-months incarceration.[4] At the sentencing hearing, the district court received testimony from Ty Washington, a co-conspirator, that he had sold cocaine to Lederle. Based on that testimony, and the testimony of other witnesses, the district court determined the base offense level to be 30 (finding that 4,567 grams of cocaine were involved in the offense). The district court added two levels for possession of a firearm and further added three levels for Lederle's role in the offense. Lederle received a two-level reduction for acceptance of responsibility. This resulted in an offense level of 33, which, coupled with Lederle's criminal history category of II, yielded a sentencing range of 151 to 188 months. Noting the drug quantity and Lederle's criminal history, the district court imposed a sentence at the high end of the sentencing range. The court also denied Lederle's motion to depart.
 
 
 4
 For reversal, Lederle argues that the search was illegal and also challenges his guideline sentence. He contends: 1) his sentence should not have been enhanced for his role in the offense; 2) the district court erred in considering only the drug quantity and his criminal history score when selecting a sentence from the applicable guideline range; 3) the police violated the Fourth Amendment when they searched his house; 4) the district court erred in finding that he possessed a gun during the offense; and 5) the district court erred in determining the quantity of drugs involved in the offense.
 
 
 5
 Lederle does not dispute that he qualifies for a role in the offense adjustment. Instead, he asserts that his adjustment for role in the offense created an impermissible disparity in sentences, when compared to that received by co-conspirator, Ty Washington, who was allegedly Lederle's supplier.[5] We disagree.
 
 
 6
 This court's review of a sentence imposed under the guidelines is limited to determining whether the court improperly applied the guidelines. See 18 U.S.C. § 3742(a)(2) (1988). We must accept the findings of the district court unless they are clearly erroneous, 18 U.S.C. § 3742(e), and affirm the sentence if the guidelines were properly applied to the facts. United States v. Granados, 962 F.2d 767, 774 (8th Cir. 1992).
 
 
 7
 A defendant cannot rely on his co-defendant's sentence as a yardstick for his own; a sentence is not disproportionate just because it exceeds a co-defendant's sentence. Id. Thus, although the sentencing guidelines were designed to avoid disparate sentences for the same criminal activity, disparity will always exist so long as sentences are based on the specific facts of each defendant's case. Id. Whether a defendant is sentenced under the sentencing guidelines or under prior existing standards, it is clear that the trial court is not obliged to consider the sentence of a co-defendant (or co-conspirator) when imposing sentence on a defendant. Id. At the sentencing hearing, the district court noted, "I see Washington as more of a middleman courier kind of role as opposed to [Lederle] who was on the receiving end of multi-kilo quantities and disposing them in the community." Transcript of Sentencing at 171 (December 23, 1991). The disparity in sentences properly reflects the district court's assessment of relative responsibilities for the commission of the crime.
 
 
 8
 Lederle further asserts error in the district court's refusal to depart downward to cure the disparity. A discretionary decision not to depart is not reviewable. United States v. Foote, 898 F.2d 659, 666 n.3 (8th Cir.), cert. denied, 111 S. Ct. 112 and 111 S. Ct. 342 (1990). Lederle also propounds an equitable estoppel argument. He asserts that the government is estopped from seeking a role in the offense adjustment against him because co-conspirator Washington did not receive the adjustment. We find no merit to that argument.
 
 
 9
 Lederle next contends that the district court improperly considered only his criminal history category and the quantity of drugs in arriving at his final sentence within the sentencing range. We have reviewed the transcript of sentencing and are confident the district court considered the factors set forth in 18 U.S.C. § 3553 in calculating Lederle's sentence within the sentencing range.
 
 
 10
 We also find no error in the district court's determination that the search of Lederle's home did not violate the Fourth Amendment. Our review of the district court's factual findings in the context of a motion to suppress is under the clearly erroneous standard. United States v. Schoenheit, 856 F.2d 74, 76 (8th Cir. 1988). A warrantless entry into or search of a person's home is per se unreasonable, absent exigent circumstances. See, e.g., Payton v. New York, 445 U.S. 573 (1980). There is evidence to support the magistrate judge's factual finding that certain urgent circumstances justified the search. Police officers testified that they responded to a security alarm at Lederle's house and it was reasonable to believe that a burglar was on the premises. The circumstances of this case satisfy the narrow exception to the warrant requirement where, for example, lives are threatened, a suspect's escape looms, or evidence is about to be destroyed. See United States v. Duchi, 906 F.2d 1278, 1282 (8th Cir. 1990). There was also evidence that the babysitter consented to the search. We find that the district court's determination that the search was reasonable should be affirmed.
 
 
 11
 Lederle also asserts that the district court committed error in assessing a two-point enhancement for possession of a gun. Again, the court's findings as to possession of a dangerous weapon are reviewed under a clearly erroneous standard. United States v. Duke, 935 F.2d 161, 162 (8th Cir. 1991). We find that the district court's findings in this regard are not clearly erroneous. Weapons are recognized tools of the drug trade. United States v. Matra, 841 F.2d 837, 842 (8th Cir. 1988). Proof of possession does not require a showing that a defendant ever used, or even touched, the gun. United States v. Turpin, 920 F.2d 1377, 1386 (8th Cir. 1990), cert. denied, 111 S. Ct. 1428 (1991). Constructive possession will suffice to justify an upward adjustment for possession during the commission of an offense. Id. Moreover, use of a firearm need not be established beyond a reasonable doubt for a sentence enhancement; a preponderance of the evidence is sufficient. Granados, 962 F.2d at 772. In this case, fourteen guns were found in Lederle's residence. A loaded handgun was found in close proximity to the cocaine found in Lederle's bedroom. The evidence more than amply supports the enhancement.
 
 
 12
 We also find that the district court properly determined the quantity of drugs for sentencing purposes. This determination is also a factual finding subject to the clearly erroneous standard. United States v. Lawrence, 915 F.2d 402, 406 (8th Cir. 1990). A review of the record supports the finding that there were at least 4,500 grams of cocaine involved in the offense.
 
 
 13
 For the reasons stated above, we affirm.
 
 
 
 [1]
 Lederle entered a conditional plea to the marijuana count. His motion to suppress evidence relates only to that count
 
 
 [2]
 The officers then obtained a warrant, conducted a further search and seized guns, $16,500 in cash, collectible coins, loose diamonds, indoor growing equipment, five ounces of marijuana, one ounce of hashish, and one gram of cocaine
 
 
 [3]
 The magistrate judge sustained the motion with respect to the jewelry and coin collection. That finding is not relevant to this appeal
 
 
 [4]
 Lederle was sentenced to 175 months on counts I and III (distribution and conspiracy to distribute cocaine and marijuana) and 60 months on Count II (manufacture of marijuana) to be served concurrently
 
 
 [5]
 Washington was sentenced to 97 months