998 F.2d 594
 UNITED STATES of America, Appellee,
v.
Joel HIPOLITO-SANCHEZ, also known as Sergio Fernandez, also
known as Hugo Sanchez-Castro, also known as Jorge Sanchez,
also known as Mario Lopez, also known as Carlo
Sanchez-Hipolito, also known as Sergio Fernandez-Sanchez,
also known as Michael Gonzales, also known as Joe, also
known as Jo Jo, Appellant.
 No. 92-3592.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 14, 1993.
Decided July 12, 1993.
Rehearing Denied Aug. 11, 1993.
 
 John S. Berry, Lincoln, NE, argued, for appellant.
 Bruce W. Gillan, Lincoln, NE, argued, for appellee.
 Before JOHN R. GIBSON, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joel Hipolito-Sanchez appeals the 120-month sentence imposed on him by the district court[1] following his guilty pleas to distributing cocaine and to illegally entering the United States, in violation of 21 U.S.C. § 841(a)(1) and 8 U.S.C. § 1326. We affirm.
 
 
 2
 In addition to the distribution and illegal entry charges (Counts II and VI), Hipolito-Sanchez was also charged with conspiracy to distribute 500 grams or more of cocaine (Count I) and three other drug offenses (Counts III, IV, and V). Counts I, III, IV, and V were dismissed pursuant to a plea agreement. The PSR set Hipolito-Sanchez's base offense level at 26 for Count II, based on a total of 1,451.5 grams of cocaine. See U.S.S.G. § 2D1.1(c)(9) (at least 500 grams but less than two kilograms). The PSR included cocaine that Hipolito-Sanchez sold directly to the undercover officers, additional cocaine that the undercover officers observed in Hipolito-Sanchez's possession, and cocaine that other individuals either bought from or sold to Hipolito-Sanchez. The PSR set Hipolito-Sanchez's base offense level for Count VI at 8, see U.S.S.G. § 2L1.2(a), and increased the offense level by 4 because he had been previously deported after he was convicted of a felony, see section 2L1.2(b)(1). The PSR recommended that Hipolito-Sanchez not be given a two-level decrease for acceptance of responsibility, stating that, during the presentence interview, he had denied selling cocaine to anyone and had shown no remorse for illegally entering the United States. Based on an offense level of 26--the larger of the two offense levels--and a criminal history category of VI, the Guidelines range was 120 to 150 months.
 
 
 3
 Although Hipolito-Sanchez objected to various portions of the PSR, including its factual summary of the offense and related conduct and its recommendation that he be denied a reduction for acceptance of responsibility, he withdrew his objections at the sentencing hearing. Hipolito-Sanchez testified that he wished to withdraw his objections to the PSR and accept responsibility for his actions. He then testified that he had three roommates, and he knew they were dealing in cocaine. He testified that he personally delivered only thirteen or fourteen grams. He also testified that he realized he had made a mistake by getting involved with his roommates and by coming into the United States illegally. He also testified that he had offered to assist the government by testifying against others. In response to the district court's questions, Hipolito-Sanchez stated that he understood the court could take into account the facts as stated in the PSR, and that he was willing to accept responsibility for having distributed at least 500 grams but less than two kilograms of cocaine. The court adopted the PSR's calculation of Hipolito-Sanchez's base offense level, concluding that he was responsible for at least 500 grams but less than two kilograms of cocaine. The district court denied him a reduction for acceptance of responsibility.
 
 
 4
 On appeal, Hipolito-Sanchez argues that the district court abused its discretion in sentencing him to 120 months imprisonment; there was insufficient evidence to support the district court's finding that Hipolito-Sanchez was responsible for at least 500 grams but less than two kilograms of cocaine; because he had agreed to cooperate with the government by providing information on drug trafficking, the district court erred in denying him a reduction for acceptance of responsibility; and the Guidelines departure system violated his due process rights.
 
 
 5
 Because Hipolito-Sanchez withdrew any objection he had to the PSR's determination that he was responsible for at least 500 grams but less than two kilograms of cocaine, he waived his right to challenge that amount on appeal. Cf. United States v. Bartsh, 985 F.2d 930, 932-33 (8th Cir.1993) (affirming district court's acceptance of PSR's calculation of amount of loss where defendant failed to object to that calculation in written objections and at sentencing hearing). Also, the district court did not err in denying Hipolito-Sanchez a reduction for acceptance of responsibility. Although Hipolito-Sanchez testified at his sentencing hearing that he was willing to accept responsibility for his actions, he continued to state--contrary to the statements in the PSR--that he had personally delivered only thirteen or fourteen grams of cocaine. His voluntary admission of his participation in the crime plus his willingness to cooperate with the government in further investigations do not automatically entitle him to a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. United States v. Davila, 964 F.2d 778, 784 (8th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 438, 121 L.Ed.2d 358 (1992). "[Hipolito-Sanchez's] plea of guilty and his agreement to cooperate with the government are [merely] factors to be considered." United States v. Duke, 935 F.2d 161, 162 (8th Cir.1991). A district court's decision to grant or deny acceptance of responsibility is afforded great deference and will not be disturbed unless "it is without foundation." Id. (quoting United States v. Keene, 915 F.2d 1164, 1170 (8th Cir.1990), cert. denied, 498 U.S. 1102, 111 S.Ct. 1001, 112 L.Ed.2d 1084 (1991)). We conclude that the district court did not abuse its discretion in denying Hipolito-Sanchez a two-level reduction for acceptance of responsibility.
 
 
 6
 Because Hipolito-Sanchez has not shown that the 120-month sentence was imposed in violation of the law or as a result of an incorrect application of the Guidelines, we may not review the sentence. See United States v. Gordon, 974 F.2d 97, 100 (8th Cir.1992); 18 U.S.C. § 3742(a) (defendant may appeal from sentence imposed by the district court only if it was imposed in violation of the law, was imposed as a result of an incorrect application of the Guidelines, is greater than the sentence specified in the Guidelines range, or was imposed for an offense for which there is no Guideline). This court has previously rejected the argument that the Guidelines departure system violates due process. See United States v. Grant, 886 F.2d 1513, 1514 (8th Cir.1989).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska