_____

No. 95-3610
_____

United States of America,                  *
                                            *
          Appellee,                         *    Appeal from the United States
                                            *    District Court for the
     v.                                     *    District of Minnesota.
                                            *
Leonard Leroy Woods, also known             *          [UNPUBLISHED]
as Kane Spencer,                            *
                                            *
          Appellant.                        *


_____

              Submitted:  June 27, 1996

                 Filed:  July 5, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     Leonard Leroy Woods was involved in a scheme to buy, sell and cash
stolen checks, and he pleaded guilty to conspiracy to defraud a financial
institution, in violation of 18 U.S.C. §§ 371, 1344 and 2113(b); bank
fraud, in violation of 18 U.S.C. §§ 2 and 1344; and possession of stolen
mail, in violation of 18 U.S.C. § 1708.  After assessing sentencing
enhancements because Woods was in the business of receiving and selling
stolen property, see U.S.S.G. § 2B1.1(b)(5)(B) (1994), and was an organizer
or leader of a criminal activity involving five or more participants, see
U.S.S.G. § 3B1.1(a), the district court[1] sentenced Woods to 40 months
imprisonment and three years supervised release, and ordered him to

_____

[1]The Honorable Michael James Davis, United States District
Judge for the District of Minnesota.

pay $10,818.47 in restitution. Woods appeals, and we affirm.

Woods first argues that the district court erred by failing to state the reason for imposing a sentence at a particular point within the Guidelines sentencing range. We conclude the district court was not required to state its reasons for imposing a 40-month sentence, because Woods's Guidelines sentencing range (37-to-46 months) did not span more than 24 months. See U.S.C. § 3553(c); United States v. Garrido, 38 F.3d 981, 986 (8th Cir. 1994).

Woods next argues that the district court erred by assessing the sentencing enhancements, and by not making specific findings in response to his objections to the enhancements. Even assuming Woods properly preserved these issues for appeal, see United States v. Hipolito-Sanchez, 998 F.2d 594, 596 (8th Cir. 1993) (where defendant withdrew objections to presentence report, he waived right to challenge issue on appeal), we conclude the district court properly assessed the enhancements, see United States v. Dortch, 923 F.2d 629, 632 (8th Cir. 1991) (remand for specific findings unnecessary where it is clear district court implicitly rejected defendant's challenge to application of sentencing Guidelines). At an evidentiary hearing on Woods's objections, the government presented evidence that Woods admitted to receiving and selling stolen checks, and to enlisting at least ten people in these activities, and that Woods prepared an organizational chart showing himself as its leader. Thus, it was not error for the district court to conclude Woods was "in the business" of receiving and selling stolen property, see U.S.S.G. § 2B1.1(b)(5)(B) (1994); United States v. Warshawsky, 20 F.3d 204, 214-15 (6th Cir. 1994), and was the leader or organizer of criminal activity involving five or more participants, see U.S.S.G. § 3B1.1(a); United States v. Logan, 54 F.3d 452, 456 (8th Cir. 1995).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.