91 F.3d 148
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Leonard Leroy WOODS, also known as Kane Spencer, Appellant.
 No. 95-3610.
 United States Court of Appeals, Eighth Circuit.
 Submitted June 27, 1996.
Filed July 5, 1996.
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Leonard Leroy Woods was involved in a scheme to buy, sell and cash stolen checks, and he pleaded guilty to conspiracy to defraud a financial institution, in violation of 18 U.S.C. §§ 371, 1344 and 2113(b); bank fraud, in violation of 18 U.S.C. §§ 2 and 1344; and possession of stolen mail, in violation of 18 U.S.C. § 1708. After assessing sentencing enhancements because Woods was in the business of receiving and selling stolen property, see U.S.S.G. § 2B1.1(b)(5)(B) (1994), and was an organizer or leader of a criminal activity involving five or more participants, see U.S.S.G. § 3B1.1(a), the district court[1] sentenced Woods to 40 months imprisonment and three years supervised release, and ordered him to pay $10,818.47 in restitution. Woods appeals, and we affirm.
 
 
 2
 Woods first argues that the district court erred by failing to state the reason for imposing a sentence at a particular point within the Guidelines sentencing range. We conclude the district court was not required to state its reasons for imposing a 40-month sentence, because Woods's Guidelines sentencing range (37-to-46 months) did not span more than 24 months. See U.S.C. § 3553(c); United States v. Garrido, 38 F.3d 981, 986 (8th Cir.1994).
 
 
 3
 Woods next argues that the district court erred by assessing the sentencing enhancements, and by not making specific findings in response to his objections to the enhancements. Even assuming Woods properly preserved these issues for appeal, see United States v. Hipolito-Sanchez, 998 F.2d 594, 596 (8th Cir.1993) (where defendant withdrew objections to presentence report, he waived right to challenge issue on appeal), we conclude the district court properly assessed the enhancements, see United States v. Dortch, 923 F.2d 629, 632 (8th Cir.1991) (remand for specific findings unnecessary where it is clear district court implicitly rejected defendant's challenge to application of sentencing Guidelines). At an evidentiary hearing on Woods's objections, the government presented evidence that Woods admitted to receiving and selling stolen checks, and to enlisting at least ten people in these activities, and that Woods prepared an organizational chart showing himself as its leader. Thus, it was not error for the district court to conclude Woods was "in the business" of receiving and selling stolen property, see U.S.S.G. § 2B1.1(b)(5)(B) (1994); United States v. Warshawsky, 20 F.3d 204, 214-15 (6th Cir.1994), and was the leader or organizer of criminal activity involving five or more participants, see U.S.S.G. § 3B1.1(a); United States v. Logan, 54 F.3d 452, 456 (8th Cir.1995).
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Michael James Davis, United States District Judge for the District of Minnesota