United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-2560NE

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Larry G. Wright, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 24, 1997
Filed: November 14, 1997

_____

Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

FAGG, Circuit Judge.

Michelle Lempka obtained a protection order from a Nebraska court against Larry G. Wright. On three occasions, Wright traveled from Omaha, Nebraska to Council Bluffs, Iowa and violated the order. Wright was indicted under a provision of the Violence Against Women Act of 1994 (VAWA) that makes it a federal crime to cross a state line with the intent to violate a protection order and then to violate it. See 18 U.S.C. § 2262(a)(1) (1994). Wright moved to dismiss the indictment, contending the enactment of § 2262(a)(1) exceeded Congress's power under the Commerce Clause. The magistrate judge agreed with Wright, and the district court adopted the magistrate's report and recommendation and dismissed the indictment. See United States

v. Wright, 965 F. Supp. 1307 (D. Neb. 1997). The Government appeals, and we have jurisdiction under 18 U.S.C. § 3731 (1994). We reverse.

We review de novo the constitutionality of a federal statute. See United States v. Crawford, 115 F.3d 1397, 1400 (8th Cir. 1997), cert. denied, 66 U.S.L.W. 3297 (U.S. Oct. 20, 1997) (No. 97-497). The Supreme Court has identified three broad categories of activity that fall within the scope of Congress's Commerce Clause power. Congress may (1) regulate the use of the channels of interstate commerce, (2) regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, and (3) regulate activities that substantially affect interstate commerce. See United States v. Lopez, 514 U.S. 549, 558-59 (1995). The district court determined § 2262(a)(1) falls outside all three categories. Without explanation, the district court asserted the statute "clearly does not implicate the second category of permissible legislation." Wright, 965 F. Supp. at 1311. The district court also ruled out category three because violating protection orders does not substantially affect interstate commerce. See id. at 1313. Finally, the court concluded category one did not apply because crossing state lines to violate a protection order is not a commercial activity, and thus not a use of the channels of interstate commerce. "[W]hile crossing a state line may be activity that is 'interstate,'" the district court explained, "[a]n interstate movement does not necessarily involve . . . interstate commerce. . . ." Id. at 1308.

We agree the third Lopez category has no bearing on this case. Section 2262(a)(1) expressly requires interstate travel, and "[t]he 'affecting commerce' test . . . define[s] the extent of Congress's power over purely *intra*state commercial activities that nonetheless have substantial *inter*state effects." United States v. Robertson, 514 U.S. 669, 671 (1995) (per curiam). If crossing state lines for noncommercial purposes is not interstate commerce, however, the validity of a number of statutes besides § 2262(a)(1) would be in doubt. See, e.g., 18 U.S.C. § 43, interstate travel with intent to disrupt an animal enterprise; 18 U.S.C. § 1073, interstate flight to

avoid prosecution; 18 U.S.C. § 1952, interstate travel in aid of unlawful activity; 18 U.S.C. § 2101, interstate travel with intent to incite a riot; 18 U.S.C. § 2423(b), interstate travel for the purpose of engaging in a sexual act with a minor. Contrary to the district court's view, see Wright, 965 F. Supp. at 1313-14, the mere fact these statutes in express terms reach persons who travel in interstate commerce, while § 2262(a)(1) regulates persons who cross state lines, is a distinction without a difference. Although the district court contends "[t]here are many ways to cross state lines without moving in the channels of interstate commerce," id. at 1314, neither the district court nor Wright cites a single case holding that interstate travel is interstate commerce only if it involves some commercial activity or purpose.

Indeed, the Supreme Court has repeatedly said crossing state lines is interstate commerce regardless of whether any commercial activity is involved. See Heart of Atlanta Motel, Inc. v. United States, 379 U.S. 241, 255-56 (1964); Edwards v. California, 314 U.S. 160, 172 & n.1 (1941). The Supreme Court rejected the district court's contrary view in Caminetti v. United States, 242 U.S. 470 (1917). Caminetti was convicted of violating the Mann Act by transporting a woman across state lines for the purpose of making the woman his mistress. See id. at 482-83. Caminetti argued that because his purpose had nothing to do with commerce, Congress had no power to outlaw what he had done. See id. at 478-80. The Court disagreed, holding the Mann Act constitutional as applied to Caminetti's conduct. See id. at 491-92. Citing Edwards and Caminetti, the Court recently reaffirmed "the transportation of persons across state lines . . . has long been recognized as a form of 'commerce.'" Camps Newfound/Owatonna, Inc. v. Town of Harrison, Me., 117 S. Ct. 1590, 1596-97 (1997).

Our own cases have also consistently made clear that crossing state lines, without more, is interstate commerce. In a prosecution for carjacking--the taking by force of a vehicle that has been transported in interstate commerce, see 18 U.S.C. § 2119 (1994)--evidence the vehicle had crossed state lines for the noncommercial purpose of transporting a family to a funeral established the required connection with

interstate commerce. See United States v. Robinson, 62 F.3d 234, 235, 237 n.4 (8th Cir. 1995). Likewise, the crime of traveling in interstate commerce with intent to avoid prosecution is complete when the offender crosses a state line with that noncommercial intent. See Lupino v. United States, 268 F.2d 799, 801 (8th Cir. 1959).

Notwithstanding the weight of adverse authority, Wright claims support for his position in this passage from Caminetti: "It may be conceded, for the purpose of the argument, that Congress has no power to punish one who travels in interstate commerce merely because [that person] has the intention of committing an illegal or immoral act at the conclusion of the journey." 242 U.S. at 491. Contrary to Wright's view, however, § 2262(a)(1) does not criminalize the interstate travel "of an alleged perpetrator carrying nothing more than an intent." Rather, the statute prohibits crossing a state line with a threatening intent, and then acting on that intent. Thus, § 2262(a)(1) falls within Congress's authority "to keep the channels of interstate commerce free from immoral and injurious uses." Caminetti, 242 U.S. at 491.

In sum, because § 2262(a)(1) "requires the crossing of a state line," the conduct the statute outlaws is "squarely in interstate commerce." United States v. Bailey, 112 F.3d 758, 766 (4th Cir.) (rejecting Commerce Clause challenge to another provision of VAWA, 18 U.S.C. § 2261(a), crossing state lines to commit domestic violence), cert. denied, 118 S. Ct. 240 (1997). Accordingly, § 2262(a)(1) was validly enacted under Congress's commerce power. Our holding necessarily means we reject Wright's further contention that § 2262(a)(1) violates the Tenth Amendment. Because the Constitution delegates to Congress the power under which § 2262(a)(1) was enacted, "'the Tenth Amendment expressly disclaims any reservation of that power to the States.'" Crawford, 115 F.3d at 1401 (quoting New York v. United States, 505 U.S. 144, 156 (1992)).

We reverse the district court's order dismissing Wright's indictment and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.