UNITED STATES of America, Appellee,

v.

**Stephan Paul Doll VON FOELKEL, Defendant–Appellant.**

**No. 97–1167.**

United States Court of Appeals, Second Circuit.

March 12, 1998.

Charles E. Roberts, Assistant United States Attorney for the Northern District of New York, Syracuse, New York, Thomas J. Maroney, United States Attorney, of counsel, for Appellee.

John R. Parrinello, Redmond & Parrinello, Rochester, New York, for Defendant–Appellant.

---

8. In fact, four other witnesses testified about the cause of the victim's death.

Before: WINTER, Chief Judge,
PARKER, Circuit Judge, and
SCHWARZER, District Judge.*

PER CURIAM:

Stephan Paul Doll Von Foelkel appeals his conviction, following a jury trial before Judge Pooler of the United States District Court for the Northern District of New York, for interstate violation of a protection order in violation of 18 U.S.C. § 2262(a)(1). Von Foelkel primarily argues that 18 U.S.C. § 2262 violates the Commerce Clause and the Tenth Amendment of the United States Constitution. In addition, he argues that the district court abused its discretion when it admitted evidence of his prior bad acts under Federal Rule of Evidence 404(b), that certain of the prosecutor's remarks in summation constituted prosecutorial misconduct, and that the evidence at trial was insufficient to sustain his conviction. We disagree and affirm.

Because of Von Foelkel's challenge to the sufficiency of the evidence, we outline the facts in the light most favorable to the government. *See Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Appellant's conviction is rooted in a protection order issued as part of the decree in his and Elaine Von Foelkel's divorce. Prior to and during the marriage, the appellant lied to his wife, verbally and physically abused her and expressed his conviction that he was above the law. In July or August 1991, while discussing divorce, appellant pushed his wife and hit her in the mouth while at her business office. As a result of this attack, Mrs. Von Foelkel obtained a protection order and, later, a restraining order, both of which the appellant violated.

Mrs. Von Foelkel was granted a divorce decree on July 7, 1992, but just prior to this date, appellant fled the United States with his and Mrs. Von Foelkel's son, Tarik. Eventually, appellant and Tarik were discovered in the Azores and brought before a court there. The court ordered the return of Tarik to his mother, which caused appellant to declare that he would flee with his son again, even if "blood had to run," and would take his son to an Arabic country where Mrs. Von Foelkel would have no rights.

During these proceedings in the Azores, the appellant was served with a final divorce decree. This decree contained a protection order which provided, in pertinent part, that appellant was "restrained and enjoined from calling the Wife at her residence, place of employment, or any other place, or from calling the child .... from coming on or about the Wife's residence, automobile, place of employment or any other place where the Wife may be found .... or from coming on or about the premises of the child's school, day care center, or any other place where the child may be found...." It is this decree that is the basis of appellant's present conviction.

After returning from the Azores, Mrs. Von Foelkel changed her and Tarik's names and identities and moved to Marcellus, New York. Four years after this move, appellant was discovered in Marcellus searching for her. The record does not reveal how appellant learned Mrs. Von Foelkel's whereabouts, but it clearly demonstrates that he was fervently searching for a mother and child fitting Mrs. Von Foelkel and Tarik's descriptions. For example, on May 29, 1996, appellant asked a part-time Marcellus police officer whether he knew a Brazilian woman (Mrs. Von Foelkel is Brazilian) with a six-year-old child. The officer refused to answer appellant's questions and notified Mrs. Von Foelkel of her ex-husband's inquiry. The next day, appellant visited the local phone company, claimed he was searching for Mrs. Von Foelkel on behalf of her family, and after presenting Mrs. Von Foelkel's unlisted phone number, asked the phone company for her address. Appellant also called her unlisted number, but it had been disconnected. A few days later, appellant was spotted at a laundromat two houses away from Mrs. Von Foelkel's home. Also, appellant's truck was seen parked at the athletic field around the Marcellus elementary school

* Honorable William W. Schwarzer, of the United States District Court for the Northern District of California, sitting by designation.

and in the immediate vicinity of Mrs. Von Foelkel's home. Eventually Von Foelkel was arrested for violating the protection order.

After a jury trial, Von Foelkel was convicted of violating 18 U.S.C. § 2262(a)(1), a statute that criminalizes crossing a state line with the intent to violate a protection order and then violating it. It was stipulated at trial that Von Foelkel had crossed state lines. As evidence of his intention to violate the protection order, the prosecution introduced, *inter alia*, evidence of appellant's propensity to lie, his belief that he was above the law, his unfavorable impression of women, and his violations of previous restraining orders. In summation, the prosecutor referred to much of this evidence and remarked that Mrs. Von Foelkel was "a very believable witness."

Appellant primarily challenges the constitutionality of 18 U.S.C. § 2262(a)(1), relying upon *United States v. Wright*, 965 F.Supp. 1307 (D.Neb.1997), in which a district court invalidated Section 2262(a)(1) on the ground that it exceeds Congress's power under the Commerce Clause and violates the Tenth Amendment of the United States Constitution. After appellant filed his brief, the Eighth Circuit reversed this decision. *See United States v. Wright*, 128 F.3d 1274 (8th Cir.1997).

We hold, like the Eighth Circuit, that Section 2262(a)(1) is a valid exercise of Congress's authority under the Commerce Clause. *See id.* at 1274–75; *see also United States v. Casciano*, 124 F.3d 106 (2d Cir. 1997) (upholding a conviction under Section 2262(a)(1) without considering the statute's constitutionality). Pursuant to the Commerce Clause, Congress can regulate the use of the channels of interstate commerce, regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, and regulate activities that substantially affect interstate commerce. *See United States v. Lopez*, 514 U.S. 549, 558–59, 115 S.Ct. 1624, 1629–30, 131 L.Ed.2d 626 (1995). The statute at issue here falls within the first category. Section 2262(a)(1) criminalizes only those violations of protection orders that involve the use of the channels and instrumentalities of inter-

state commerce. Although the statute does not regulate commercial activity *per se*, the Supreme Court has held that it is within Congress's authority "to keep the channels of interstate commerce free from immoral and injurious uses." *Caminetti v. United States*, 242 U.S. 470, 491, 37 S.Ct. 192, 196, 61 L.Ed. 442 (1917). Section 2262(a)(1) is clearly directed to that goal and is a valid exercise of Congress's Commerce Clause power and therefore not a violation of the Tenth Amendment. *See New York v. United States*, 505 U.S. 144, 156, 112 S.Ct. 2408, 2417, 120 L.Ed.2d 120 (1992).

Von Foelkel's remaining arguments are similarly meritless. The trial court's decision to admit evidence of Von Foelkel's prior bad acts was not an abuse of its discretion. *See United States v. Pipola*, 83 F.3d 556, 566 (2d Cir.1996). The evidence was relevant to prove appellant's intent to violate the protection order and was accompanied by a proper limiting instruction. *See id.* Further, because this evidence was properly admitted, it was not misconduct for the prosecutor to refer to it in summation. Similarly, any other arguably improper remarks were "not so prejudicial that a new trial is required," *Floyd v. Meachum*, 907 F.2d 347, 348 (2d Cir.1990), and were cured by the trial judge's instruction to the jury, *see e.g., United States v. Rosa*, 17 F.3d 1531, 1549 (2d Cir.1994). Finally, after reviewing the evidence in light most favorable to the government, we hold that there was ample evidence for the jury to convict the appellant of violating Section 2262(a). *See United States v. Skowronski*, 968 F.2d 242, 247 (2d Cir.1992).