# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2560

_____

United States of America,      *
     *
         Appellee,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    District of Nebraska.
Douglas K. Myers,      *
     *       [UNPUBLISHED]
         Appellant.      *

_____

Submitted:  May 7, 1999

Filed: June 29, 1999

_____

Before HANSEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Douglas K. Myers appeals his conviction and 46-month sentence resulting from his conditional guilty plea to a firearms charge. He challenges the constitutionality of the statutes under which he was indicted, and he contends the district court erred in calculating his sentence. We affirm the conviction, but we remand the case for resentencing.

Mr. Myers was charged in a two-count indictment. Count I (to which he pleaded guilty) alleged that on May 11, 1997, in violation of 18 U.S.C. § 922(g)(9), he

knowingly possessed firearms that had been transported in interstate commerce, after having been convicted of "a misdemeanor crime of domestic violence." Count II (which was dismissed after his guilty plea) alleged a violation of 18 U.S.C. § 922(g)(8), in that from May until October 1996, while subject to a court protection order restraining him "from harassing, stalking, or threatening" his wife, Mr. Myers knowingly possessed thirteen firearms (including a Norinco rifle) that had been transported in interstate commerce.

Reviewing Mr. Myers's constitutional arguments de novo, see United States v. Wright, 128 F.3d 1274, 1274 (8th Cir. 1997), cert. denied, 118 S. Ct. 1376 (1998), we note that each of subsections 922(g)(8) and (9) includes a jurisdictional element: it is unlawful for the described person "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." We therefore conclude, as have other circuits addressing the issue, that Congress validly exercised its Commerce Clause power in enacting subsections 922(g)(8) and (9). See, e.g., Fraternal Order of Police v. United States, No. 97-5304, 1999 WL 218442, at *9 (D.C. Cir. Apr. 16, 1999) (§ 922(g)(9)); United States v. Cunningham, 161 F.3d 1343, 1345-47 (11th Cir. 1998) (§ 922(g)(8)). We also reject Mr. Myers's Tenth Amendment challenge to the provisions. See Wright, 128 F.3d at 1276 (Tenth Amendment challenge to statute "necessarily" fails where statute was valid exercise of Congress's commerce power).

As to sentencing, Mr. Myers contends that the district court erred in using U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(B) (1997) to determine his initial base offense level. Under that section, a base offense level of 20 is appropriate if, inter alia, (1) a defendant "is a prohibited person" and (2) "the offense involved a firearm described in . . . 18 U.S.C. § 921(a)(30)." We conclude that the district court erred in holding Mr. Myers to be a "prohibited person" based on his possession of a firearm while subject to the 1996 protection order, because at the time of his offense of

conviction Mr. Myers was not subject to a protection order; the order had been dismissed seven months earlier. See U.S. Sentencing Guidelines Manual § 2K2.1, comment. (n.6(vi)) (1997) ("prohibited person" includes "anyone who . . . is subject to a" protection order (emphasis added)); cf. United States v. Bernardine, 73 F.3d 1078, 1080, 1082 (11th Cir. 1996) (construing another definition of "prohibited person"--one who "is unlawful user of" controlled substance--as "[c]learly" requiring unlawful use of substance to be "ongoing and contemporaneous with the commission of the [firearms conspiracy] offense" to which defendant pleaded guilty).

The district court correctly held, however, that the offense involved a firearm described in 18 U.S.C. § 921(a)(30).[1] Initially, we note that the parties do not dispute that the Norinco rifle was a firearm described in section 921(a)(30). Further, we conclude under the circumstances that the "offense involved" the Norinco rifle: Mr. Myers pleaded guilty to a charge that he possessed "firearms" on May 11, 1997; the district court found, based on the evidence, that on May 11 he constructively possessed the thirteen firearms listed in Count II, including the Norinco rifle; and Mr. Myers did not dispute that on May 11 he owned the Norinco rifle. See U.S. Sentencing Guidelines Manual § 1B1.1, comment. (n. 1(l)) (1997) ("Offense" means offense of conviction and all relevant conduct under § 1B1.3 unless different meaning is specified or is otherwise clear from context); cf. United States v. Boykin, 986 F.2d 270, 274 (8th Cir.) (establishing defendant's ownership is means of showing "constructive possession" of firearm, which supports § 922(g)(1) conviction), cert. denied, 510 U.S. 888 (1993). We further note that Mr. Myers did not contest on appeal the district court's application of the 4-level specific-offense-characteristic enhancement for his possession of firearms. See U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(D)(1997) (13 to 24 firearms).

---

[1]Under U.S. Sentencing Guidelines Manual § 2K2.1(a)(5) (1997), the court is to apply a base offense level of 18 where the offense involved a firearm described in section 921(a)(30).

Accordingly, we affirm Mr. Myers's conviction, and remand to the district court for resentencing consistent with this opinion. See United States v. O'Hagan, 139 F.3d 641, 658 (8th Cir. 1998) (remand is necessary unless it is clear that sentencing court would have imposed same sentence regardless of whether lower sentencing range would have been available).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.