BRISCOE, Circuit Judge,
concurring and dissenting:
I concur in part and dissent in part. I agree with the majority’s conclusion that Chambers has not shown that her right to be present was violated. However, my review of the record convinces me that the district court committed clear error in finding Spears and Chambers were leaders or organizers under U.S.S.G. § 3B1.1. I would, therefore, remand the cases for re-sentencing without the leader or organizer enhancements. Because the record contains no evidence to support the enhancement of Spears’ sentence, I also dissent from the majority’s decision to remand her case for resentencing for the district court’s failure to make adequate findings on the record.
The unpublished decisions cited by the majority affirming U.S.S.G. § 3B1.1 sentence enhancements in mail theft conspiracies contain far greater involvement by the defendants at issue than was shown in the present cases. In United States v. Morris, the defendant told coconspirators how to steal mail from a mail truck, provided the hammer for the break-in, gave stolen checks to other conspirators, told them how to obtain false identification, and received stolen check proceeds. 1995 WL 154900, at *4 (6th Cir.1995). In United States v. Woods, the defendant received and sold stolen checks, recruited at least ten people, and “prepared an organizational chart showing himself as its leader.” 1996 WL 370177, at *1 (8th Cir.1996). In United States v. Hahn, the defendant had knowledge about stealing mail and making split deposits (having been previously convicted of those offenses), taught four co-conspirators to make split deposits, maintained records of account numbers used in split deposits, gave stolen blank checks to coconspirators, told coconspirators how to steal mail, and provided a coconspirator with false identification arid explained how to make false identification cards. 1994 WL 387929, at *1-2 (7th Cir.1994). The record here does not contain such evidence against Spears or Chambers.
The record contains no evidence to show which conspirator created the idea of stealing mail or was responsible for decisions of the conspiracy. Most of the coconspira-tors at some point drove the car while others stole mail, decided which mailbox to search, decided where to cash the stolen checks, and actually cashed those checks. Although Duroy testified that Spears and Chambers were “pretty much figuring out everything to do,” Duroy admitted he had no contact with the other conspirators and testified that Spears did not control him. Duroy never testified that Chambers recruited him into the conspiracy. There is no evidence that Chambers recruited anyone into the conspiracy. The notebook that listed cashed checks was never connected to either Spears or Chambers. At most, Spears and Chambers, along with their coconspirators, stole mail from mailboxes, shared stolen checks with cocon-spirators, cashed the stolen checks, and used the stolen credit cards. Although Spears gave Chambers a stolen driver’s *472 license, there was no evidence this was done as an organizer or leader.
We review the district court’s finding that Spears and Chambers were organizers or leaders of the conspiracy under the deferential clear error standard. See United States v. Cruz Camacho, 137 F.3d 1220, 1223-24 (10th Cir.1998). However, the government has the burden to prove by a preponderance of the evidence that Spears and Chambers engaged in organizer or leadership roles. Id. at 1224. Further, U.S.S.G. § 3Bl.l(a) “is an enhancement for organizers or leaders, not for important or essential figures.” United States v. Torres, 53 F.3d 1129, 1142 (10th Cir.1995) (citations omitted) (emphasis added). Although Spears and Chambers may have been important or essential figures, the government failed to prove by a preponderance of the evidence that either Spears or Chambers controlled or organized the other members of the conspiracy. The district court committed clear error in enhancing Spears’ and Chambers’ sentences as organizers or leaders. I would remand both cases for resentencing without the leader or organizer enhancements.