# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1093

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Barten A. Vollmer, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  January 5, 2001

Filed:  January 10, 2001

_____

Before BEAM, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Barten A. Vollmer pleaded guilty to violating the federal stalking statute, 18 U.S.C. § 2261A, and to conspiring to obstruct justice, in violation of 18 U.S.C. § 371. Citing United States v. Lopez, 514 U.S. 549 (1995), Vollmer argues section 2261A is unconstitutional.  Vollmer also contends the district court erred in denying him an acceptance-of-responsibility adjustment.  We affirm.

Section 2261A is part of the Violence Against Women Act of 1994 (VAWA) and prohibits defendants from traveling across state lines with the intent to injure or

harass another person, and in the course of such travel, or as a result of it, placing the person or a member of the person's immediate family in fear of death or serious bodily injury. Section 2261A's requirement of travel across state lines clearly falls within Congress's authority to regulate the channels of commerce. See United States v. Wright, 128 F.3d 1274, 1275 (8th Cir. 1997) (upholding constitutionality of VAWA's 18 U.S.C. § 2262(a)(1), which prohibits crossing of state lines with intent to violate protection order and then subsequently violating order; crossing state lines, without more, is interstate commerce), cert. denied, 523 U.S. 1053 (1998). Contrary to Vollmer's contention, section 2261A does not punish defendants for merely harboring a threatening intent in the course of interstate travel: the defendant's travel must actually place the intended victim or an immediate family member in fear of harm. See id. at 1276. Vollmer's reliance on United States v. Morrison, 120 S. Ct. 1740 (2000), is misplaced because Morrison invalidated the VAWA's civil remedy, not its criminal sanctions. See Morrison, 120 S. Ct. at 1751-54 & n.5.

We also conclude the district court did not clearly err by finding Vollmer, who received an obstruction-of-justice enhancement, had not accepted responsibility for his actions. See U.S.S.G. § 3E1.1, comment. n.(4); United States v. Ervasti, 201 F.3d 1029, 1043 (8th Cir. 2000) (standard of review); United States of Honken, 184 F.3d 961, 968-70, 972 (8th Cir.), cert. denied, 528 U.S. 1056 (1999); United States v. Duke, 935 F.2d 161, 162 (8th Cir. 1991).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-