# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1222

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Carlos Alvear, | * | District of Minnesota |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: December 26, 2000
Filed: January 29, 2001

_____

Before McMILLIAN, BRIGHT, and FAGG, Circuit Judges.

_____

PER CURIAM.

Carlos Alvear appeals from the final judgment entered in the District Court[1] for the District of Minnesota after he pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. The district court sentenced Alvear to 72 months imprisonment and four years supervised release. Counsel has moved to withdraw on appeal pursuant to Anders v. California, 386 U.S. 738 (1967), and has filed a brief raising the issues whether Alvear was properly sentenced as an adult and whether the district court should have awarded an acceptance-of-

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

responsibility reduction and safety-valve relief. For the reasons discussed below, we affirm the judgment of the district court.

After pleading guilty, Alvear sought to withdraw his plea on the basis that he was younger than eighteen when he committed the offense. Subsequently, however, Alvear withdrew his motion to withdraw his guilty plea and, after some vacillating, conceded at sentencing that he was in fact age twenty and apologized for having lied previously to the court. Thus, his argument that he was improperly sentenced as an adult is not properly before us. Cf. United States v. Hipolito-Sanchez, 998 F.2d 594, 596 (8th Cir. 1993) (per curiam) (where defendant at sentencing withdrew objection to drug amount in presentence report, he waived his right to challenge that amount on appeal). In any event, the argument would fail because the district court was presented with evidence that Alvear was at least age eighteen at the time of his offense and defense counsel was unable to substantiate that Alvear was not.

We also conclude the district court did not clearly err in denying an acceptance-of-responsibility reduction and safety-valve relief, given Alvear's lies concerning his age and his refusal to discuss his offense with the government. See United States v. O'Dell, 204 F.3d 829, 838 (8th Cir. 2000) (safety-valve relief); United States v. Honken, 184 F.3d 961, 968, 970 (8th Cir.) (acceptance-of-responsibility reduction), cert. denied, 528 U.S. 1056 (1999).

After review of counsel's Anders brief, along with our independent review of the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.