UNITED STATES of America, Appellee,

v.

**Rita GLUZMAN, Defendant–Appellant.**

**Docket No. 97–1281.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 12, 1998.
Decided Aug. 25, 1998.

**50**

Judd Burstein, Burstein & Fass, New York, NY, for Defendant–Appellant.

Cathy Seibel, Assistant United States Attorney, Southern District of New York, for Appellee.

Before: CALABRESI, CABRANES, and STRAUB, Circuit Judges.

PER CURIAM:

Appellant Rita Gluzman appeals her conviction entered in the United States District Court for the Southern District of New York (Barrington Parker, Jr., *Judge*) on April 30, 1997. Appellant was convicted under the Violence Against Women Act ("VAWA"), 18 U.S.C. § 2261(a) (1994), for the murder of her husband. We affirm.

On April 6, 1996, Appellant and her co-conspirator, Vladimir Zelenin, drove from New Jersey to the New York apartment of her estranged husband, Yakov Gluzman. They entered the empty apartment and awaited Yakov Gluzman's arrival. When he came home late that night, Appellant and Zelenin murdered Yakov Gluzman with axes, then proceeded to dismember his body with the intent of hiding their crime. Zelenin was discovered by a police officer the next day attempting to dump plastic bags filled with Yakov Gluzman's remains into the Passaic River. Following his arrest, Zelenin confessed to his role in the murder and testified against Gluzman during her trial.

18 U.S.C. § 2261 provides, in pertinent part:

A person who travels across a State line ... with the intent to injure, harass, or intimidate that person's spouse or intimate partner, and who, in the course of or as a result of such travel, intentionally commits a crime of violence and thereby causes bodily injury to such spouse or intimate partner, shall be punished....

18 U.S.C. § 2261(a)(1) (1994). Appellant's main argument is that this statute "targets" non-commercial activity in a manner unlike any previous federal criminal statute upheld under the Commerce Clause. We have recently upheld a similar challenge to 18 U.S.C. § 2262 (1994)—a parallel provision in the VAWA—which makes it a federal crime to cross a state line with the intent of violating a protective order. *See United States v. Von Foelkel,* 136 F.3d 339, 341 (2d Cir.1998) (per curiam). There is no reason to view Appellant's claim any differently. We therefore adopt the holding and analysis set forth in the admirable opinion of the district court below, finding § 2261 to be a constitutional exercise of Congress's commerce power. *See United States v. Gluzman,* 953 F.Supp. 84 (S.D.N.Y.1997).

Next, Appellant claims that the jury selection system for the White Plains courthouse in the Southern District violates the Jury Selection and Service Act, 28 U.S.C. § 1869(e). In her jury selection argument, Appellant questions the manner in which jurors are allocated to the White Plains courthouse where her trial was held. White Plains is supplied with jurors from the six suburban counties of Sullivan, Dutchess, Orange, Westchester, Rockland, and Putnam. Although the Bronx is adjacent to Westchester County, in which is located the City of White Plains, no jurors from the Bronx go to White Plains. Appellant argues that this organization of the jury wheel has the unintended consequence of limiting minority representation in the White Plains venire and violates the requirement that jurors must be

chosen from "counties ... surrounding the places where court is held as the district court plan shall determine." *See* 28 U.S.C. § 1869(e) (1994).

We reject Appellant's suggestion that § 1869(e) must be read literally to require that jurors be drawn only from geographically adjacent counties. It is well-settled that:

> [T]he district and circuit courts have had power since the first Judiciary Act of 1789 to divide a district territorially in the interest of an impartial trial, of economy, and of lessening the burden of attendance.... There are probably no districts in the Union, which can be divided without disclosing in the sections different racial, religious, political, social or economic percentages. To demand that they shall not, would be a fantastic pedantry which would serve no purpose and would put an end to the statute.

*United States v. Gottfried,* 165 F.2d 360, 364 (2d Cir.1948). The disproportionate need for jurors in the Manhattan courthouse readily explains the current administrative boundaries, and there is no merit in Appellant's challenge to them. *See United States v. Yonkers Contracting Co.,* 682 F.Supp. 757, 768 (S.D.N.Y.1988) (rejecting an identical argument).

Appellant contends that because the cited cases involve jury selections from different judicial districts, they are not determinative of this case. She points out that the Bronx and White Plains are in the same judicial district, and the White Plains courthouse is only a separate division of that district. We do not believe that the previous cases turned on the distinction between districts and divisions, and therefore reject Appellant's contention.

Finally, Appellant also raises a variety of other unavailing claims of prejudicial error. First, she argues that she was entitled to the government's material on Vladimir Zelenin prior to her opening statement. This assertion has no legal basis. The government is only required to provide such materials before cross-examination, not in advance of opening statements. *See* 18 U.S.C. § 3500(b). Next, Appellant contends that the government improperly rehabilitated Zelenin through its use of prior consistent statements made by him after his arrest. Appellant cites the decision in *United States v. Tome,* 513 U.S. 150, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995), which barred the admission of prior consistent statements under Fed.R.Evid. 801(d)(1)(B) when the statement was made after a witness had a motive to fabricate. Zelenin's testimony does not come under 801(d)(1)(B), but Appellant argues that *Tome* should be read to cover prior consistent statements introduced for rehabilitation outside of 801(d)(1)(B). But *Tome* explicitly limited its holding "to the requirements for admission under Rule 801(d)(1)(B)," *see Tome,* 513 U.S. at 167, 115 S.Ct. 696, and we have rejected the reading of *Tome* Appellant posits. *See Phoenix Assoc. III v. Stone,* 60 F.3d 95, 103 (2d Cir.1995). Finally, Appellant argues that she was prejudiced by the district court's failure to give the jury a perjury instruction concerning Zelenin.[1] But the charge she proposed was misleading and we conclude that there was no error in omitting the instruction.

The judgment of the district court is affirmed.

---

1. The general credibility instruction given by the district court stated: "Did the witness make false statements under oath? If you find that occurred, you might decide to view that witness' later testimony with care or caution."