UNITED STATES of America,
Appellee,

v.

Pierce S. HAN, Defendant–Appellant.

Docket No. 99–1759.

United States Court of Appeals,
Second Circuit.

Argued: June 1, 2000

Decided: Oct. 31, 2000

James A. Sacco, Durr & Sacco, Binghamton, NY, for Defendant–Appellant.

Daniel J. French, United States Attorney for the Northern District of New York, and Kevin P. Dooley and Elizabeth S. Riker, Assistant United States Attorneys for the Northern District of New York, for Appellee.

Before: McLAUGHLIN, PARKER, Circuit Judges, and DORSEY, District Judge.*

DORSEY, District Judge:

Appellant Pierce S. Han appeals his conviction of knowingly and willfully traveling in interstate commerce for the purposes of engaging in a sexual act with a person under 18 years of age, in violation of 18 U.S.C. § 2423(b). He claims this statute was enforced unconstitutionally as his only interstate conduct was his crossing state lines with illegal intent. He also argues error in that the district court: 1) prohibited testimony as to his reputation as a law abiding citizen who does not exploit others; 2) refused to allow him to call a witness to testify as to appellant's mental state in the days preceding his arrest; and 3) refused a request to charge defining "inducement" in connection with an entrapment defense. We affirm.

## I. BACKGROUND

In August 1998, the Binghamton Police Department's Special Investigations Unit undertook to identify individuals who used the Internet to arrange illegal sexual activity with minors. Investigator Maria Mur-

---

\* The Honorable Peter C. Dorsey, of the United States District Court for the District of Connecticut, sitting by designation.

**562**

ray went undercover on the Internet, posing as a 13–year–old Binghamton girl named "Jules" or "Julie."

Han, then 25, contacted Julie in a chat room named "Not Yet Legal" and engaged in sexual conversations with her. At Han's request, Murray gave him a phone number within the police station at which to call her. Han did so and instructed her on how to masturbate. He told her he would come visit her and described what he wanted to do with her sexually. He arranged to meet her at a school park on the night of August 28, 1998.

After calling Julie several times to confirm his plan, Han drove from his home in New Jersey to Binghamton, New York on the scheduled date. When he reached the park and called out to Julie to get into his car, he was arrested. In a sworn statement to police, Han admitted that he met Julie on the Internet, that she told him she was 13, that they talked about having sexual intercourse, and that "[c]oming up here I believed that having sex with Julie was a possibility even though I know that my having sexual intercourse with a 13 year old girl is against the law."

A four-day trial was held. The government's case consisted of the testimony of Murray and the police officer who had arrested Han and taken his statement, the statement, as well as the contents of the e-mail and telephone conversations between Han and Julie. Defendant's case consisted of Han's testimony that he did not believe Julie when she said she was only 13. Defendant proffered testimony of 1) a witness who would testify that Han was law abiding and did not exploit others, and 2) a witness who would testify that Han was under stress during the days and weeks preceding his arrest. The district court excluded the testimony of both of these witnesses. Defendant was convicted and sentenced to 18 months incarceration.

## II. DISCUSSION

### A. The Constitutionality of § 2423(b)

▮ Section 2423(b) forbids traveling "in interstate commerce ... for the pur-

pose of engaging in any sexual act (as defined in section 2246) with a person under 18 years of age." Han claims that this statute, as applied to him, is unconstitutional because the statute "requires merely the crossing of state lines with illegal thoughts to effectuate federal jurisdiction." He argues that United States v. Lopez, 514 U.S. 549, 559, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), requires an inquiry into whether the regulated activity "substantially affects" interstate commerce. The government contends that this requirement is not applicable to the case at bar.

Lopez involved the constitutionality of 18 U.S.C. § 922(q), which criminalized knowing possession of a firearm in a school zone. The statute, which "neither regulates a commercial activity nor contains a requirement that the possession be connected in any way to interstate commerce," was held to exceed the authority of Congress. Lopez, 514 U.S. at 551, 115 S.Ct. 1624.

Congress was found authorized to regulate, pursuant to its commerce power: 1) the use of the channels of interstate commerce; 2) the instrumentalities of interstate commerce, or persons or things in interstate commerce, even if the threat may only result from intrastate activities; and 3) those activities having a substantial relation to interstate commerce, i.e., that "substantially affect" interstate commerce. Id. at 558–59, 115 S.Ct. 1624. Lopez dealt exclusively with the third category. As 18 U.S.C. § 2423(b) deals with the use of the channels of interstate commerce, Lopez is not on point.

This Court has found similar statutes to be valid exercises of Congress's Commerce Clause authority. United States v. Von Foelkel, 136 F.3d 339 (2d Cir.1998), upheld 18 U.S.C. § 2262(a)(1), which criminalizes crossing a state line with the intent to violate a protection order and then violating it: "Section 2262(a)(1) criminalizes only those violations of protection orders that

involve the use of the channels and instrumentalities of interstate commerce. Although the statute did not regulate commercial activity *per se*, the Supreme Court has held that it is within Congress's authority 'to keep the channels of interstate commerce free from immoral and injurious uses.' " *Id.* at 341 (quoting *Caminetti v. United States*, 242 U.S. 470, 491, 37 S.Ct. 192, 61 L.Ed. 442 (1917)).

*United States v. Gluzman*, 154 F.3d 49 (2d Cir.1998), upheld the constitutionality of 18 U.S.C. § 2261, which provides: "A person who travels across a State line ... with the intent to injure, harass, or intimidate that person's spouse or intimate partner, and who, in the course of or as a result of such travel, intentionally commits a crime of violence and thereby causes bodily injury to such spouse or intimate partner, shall be punished...." *Id.* at 50 (quoting 18 U.S.C. § 2261(a)(1)). The Second Circuit adopted the holding and analysis of the district court, which found that Congress acted within its authority over the channels of interstate commerce and there was no need to show that interstate commerce was substantially affected. *See id.; United States v. Gluzman*, 953 F.Supp. 84, 90 (S.D.N.Y.1997).

■ The statutes in *Gluzman* and *Von Foelkel* are distinguishable from § 2423(b) in that § 2261(a)(1) and § 2262(a)(1) require both the crossing of state borders and an unlawful act thereafter—whereas § 2423(b) criminalizes crossing state lines with a criminal intent, without requiring commitment of a further criminal act. In the face of appellant's argument that § 2423(b) unconstitutionally criminalizes mere thought, it is clear that the First Amendment does not prevent criminalization of the conduct here. Appellant's argument is without merit. Appellant's "mere thought" argument is based on the claim that one cannot, constitutionally, be charged under § 2423(b) for doing nothing more than crossing state lines with the intent prohibited by § 2423(b). As that is not all he did, appellant does not validly raise that question, which is not decided here. Han's case does not involve mere thought.

The statute, as applied to Han, does not criminalize "mere thought." Han engaged in acts beyond mere thinking, evidenced by his telephonic communications in which he developed a plan and articulated a purpose to cross interstate lines to engage in sexual acts with a thirteen-year-old. Han clearly formulated this plan before he crossed the state border and manifested the prohibited intent by doing so and by going to the arranged meeting spot. Han's "mere thought" argument relies on the premise that he did not take steps sufficient to elevate his thoughts to an intention to commit the charged sexual acts with an underaged female. His crossing state lines, viewed in context with all the evidence, definitively establishes the contrary.

Accordingly, as Han formed the intent prohibited by § 2423(b) and took sufficient steps to bring that intent to fruition, including the crossing of state lines, § 2423(b) was constitutionally applied to Han. It is unnecessary to decide here, and thus it is not held, that a mere thought of engaging in a sexual act with a person under 18 years of age, where coupled with crossing a state line, constitutes a prohibited act and thus a violation of § 2423(b). Nor is it held that, if thus construed, § 2423(b) would pass constitutional muster. These questions can be considered when raised where the facts are so limited.

## B. *Excluded Evidence*

■ Han asserts error in the exclusion of character evidence and evidence of his mental state. Han first proffered testimony of his reputation for uprightness and an unwillingness to exploit others. He claims that such character evidence was relevant to the issue of his criminal intent. The district court excluded this evidence as irrelevant. Han also proffered testimony of a co-worker that he suffered from stress during the period preceding his arrest.

He argues that such evidence would show that he had a reduced ability to note details such as Julie's age and thereby could not form a criminal intent. The court excluded the evidence as irrelevant without competent expert testimony linking stress level and perception. Moreover, the court expressed concern over improper sympathy for defendant.

 The district court in its discretion determines relevancy. *See United States v. Lumpkin*, 192 F.3d 280, 287 (2d Cir.1999). It possesses wide discretion to exclude evidence posing an undue risk of harassment, prejudice, or confusion of the issues. *See United States v. Pascarella*, 84 F.3d 61, 70 (2d Cir.1996). Decisions to admit or exclude evidence are reviewed for abuse of discretion and are overturned only where arbitrary or irrational. *See Lumpkin*, 192 F.3d at 287. The court properly excluded Han's evidence of mental state. Without expert testimony, the assertion that stress reduces the ability to observe details is mere speculation. It lies within the court's discretion to exclude speculatory evidence.

 Federal R. Evid. 404(a)(1) applies a lower threshold of relevancy to character evidence than that applicable to other evidence. Although the Rule permits a defendant to introduce "[e]vidence of a pertinent trait of character," it is not based on an expectation that such evidence will prove helpful. *See United States v. Pujana–Mena*, 949 F.2d 24, 29–30 (2d Cir. 1991). "The justification appears to be based on notions of fairness rather than logic; the defendant who, with the considerable forces of government arrayed against him and who may have little more than his good name to defend himself, should not be precluded from presenting even such minimally probative evidence." *Id.* at 30. Thus, Rule 404(a)(1) requires only that the proffered evidence of a character trait relate to some element at issue in the case. Han asserts that the evidence would contradict the government's allegation of criminal intent. Although unlikely,

a jury may base an acquittal on character evidence alone. *See Pujana–Mena*, 949 F.2d at 30. Given this minimal standard, the trial court erred in excluding the proffered reputation testimony.

This error was harmless in light of the evidence at trial. First, Han himself testified at trial and denied that he believed Julie to be 13. The jury thereby had direct evidence on the issue of intent. Second, a reputation as one who does not exploit others does not necessarily suggest a lack of criminal intent. Han may have believed, as the government suggested, that a 13–year–old willing, sexual participant is not exploited. However, the government presented overwhelming evidence of Han's knowledge, intent, and guilt. It showed that Han met Julie in a chat room entitled "Not Yet Legal"; discussed her age of 13 with her; and gave a statement acknowledging that he knew her age and that sex with her was a possibility and illegal. His conversations with Julie manifested a clear intent to engage in sexual conduct with her. Accordingly, the exclusion of Han's proffered character evidence was harmless.

### C. *Jury Charge*

 Han claims error in the jury charge on entrapment. The jury was charged that "a defendant may not be convicted of a crime if it was the government who gave the defendant the idea to commit the crime, if it was the government who also persuaded the defendant to commit the crime, and if he was not ready and willing to commit the crime before the government officials or agents first spoke with him." Han requested language from *United States v. Dunn*, 779 F.2d 157, 158 (2d Cir.1985), that "soliciting, proposing, initiating, broaching or suggesting the commission of the offense charged constitutes inducement. Inducement refers to the government's initiation of the crime and not to the degree of pressure exerted."

Jury charges are reviewed *de novo*. *See United States v. Russo*, 74 F.3d 1383, 1392 (2d Cir.1996). "'A conviction will not be overturned for refusal to give a requested charge ... unless that [requested] instruction is legally correct, represents a theory of defense with basis in the record that would lead to acquittal, and the theory is not effectively presented elsewhere in the charge.'" *United States v. Doyle*, 130 F.3d 523, 540 (2d Cir.1997) (quoting *United States v. Vasquez*, 82 F.3d 574, 577 (2d Cir.1996)). Han cannot dictate the precise language of the charge. *See United States v. Imran*, 964 F.2d 1313, 1317 (2d Cir.1992). "[I]f the substance of a defendant's request is given by the court in its own language, the defendant has no cause to complain." *United States v. Taylor*, 562 F.2d 1345, 1364 (2d Cir.1977). Han's requested language correctly states the law on inducement. However, the court's charge, as given, does not omit any necessary elements. Because the charge correctly stated the law of entrapment, there was no error.

## III. CONCLUSION

Because we find 18 U.S.C. § 2423(b) constitutional as applied to Han, and the district court's only error was harmless, we AFFIRM Han's conviction in all respects.