UNITED STATES of America,
Appellee,

v.

Allen WOLFSON, Kevin Kirkpatrick, Mervyn A. Phelan, Jr. and Craig H. Brown, Defendants,

Mervyn A. Phelan, Sr., Defendant–Appellant.

No. 05–1952–cr.

United States Court of Appeals, Second Circuit.

Dec. 23, 2005.

Andrew L. Fish, Assistant United States Attorney (Joshua A. Levine and Peter G. Neiman, Assistant United States Attorneys, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Meir Feder (Jason J. Jarvis, Jones Day, Washington, D.C., on the brief), Jones Day, New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. JAMES L. OAKES, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

At the conclusion of a ten-day jury trial, Defendant–Appellant Mervyn A. Phelan, Sr. was convicted of two counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and two counts of conspiring to commit securities and wire fraud, in violation of 18 U.S.C. § 371. Phelan was prosecuted for his involvement in schemes to manipulate the stock prices of two companies, Freedom Surf, Inc., and Senior Care Industries, Inc. He was sentenced to 36 months imprisonment, to be followed by 36 months of supervised release, and ordered to pay a fine, restitution, and a special assessment. Phelan appeals his conviction.

We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

 We affirm the judgment of conviction. Phelan argues, first, that the district court (Hellerstein, *J.*) failed to instruct the jury as to his "theory of the case." We review jury instructions *de novo, United States v. Gonzalez,* 407 F.3d 118, 122 (2d Cir.2005), and where, as here, the defendant objected to the instruction below, harmless error analysis applies, *United States v. Amuso,* 21 F.3d 1251,

1260–61 (2d Cir.1994). It is true that a criminal defendant has a right to a jury charge that reflects the defense theory. *United States v. GAF Corp.*, 928 F.2d 1253, 1262 (2d Cir.1991). However, a defendant does not have a right to dictate the jury charge verbatim, *see United States v. Han*, 230 F.3d 560, 565 (2d Cir.2000), and Judge Hellerstein's instruction was acceptable because it captured the essence of Phelan's theory of the case. *See United States v. Boonphakdee*, 40 F.3d 538, 543 (2d Cir.1994). Phelan also requested that the judge present some defense theories that, even if believed, would not justify acquittal. The judge did not err in declining to do so. *See United States v. La-Morte*, 950 F.2d 80, 84 (2d Cir.1991).

■ Phelan also contends—for the first time on appeal—that the district court's jury instruction on intent subverted the presumption of innocence under *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). When a defendant fails to make a timely objection to a jury charge, our review is for plain error. *United States v. Vasquez*, 267 F.3d 79, 86–87 (2d Cir.2001). While the sentence that Phelan now challenges, if read in isolation, could conceivably have misled a reasonable juror, we review "the instructions as a whole to see if the entire charge delivered a correct interpretation of the law." *United States v. Bala*, 236 F.3d 87, 94–95 (2d Cir.2000) (quoting *United States v. Carr*, 880 F.2d 1550, 1555 (2d Cir.1989)). Here, the instructions as a whole made unmistakably clear that the jury was permitted, but not required, to infer intent from Phelan's actions. *See Francis v. Franklin*, 471 U.S. 307, 314, 105 S.Ct. 1965, 85

L.Ed.2d 344 (1985); *Mancuso v. Harris*, 677 F.2d 206, 211 (2d Cir.1982).

■ In addition, Phelan alleges that evidence produced at trial was procured in violation of the Fourth Amendment. It is not clear whether Phelan's Fourth Amendment claim is directed at the initial "search," by a private citizen, of some 40 file boxes, or the subsequent "seizure" of those boxes, also effected by private citizens. In either event, Phelan's claim is without merit. The Fourth Amendment bars the government from conducting unreasonable searches and seizures, but its protections may also be implicated when private actors act as agents or instruments of the government. *Coolidge v. New Hampshire*, 403 U.S. 443, 487, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *see also United States v. Knoll*, 16 F.3d 1313, 1320 (2d Cir.1994) ("The government may become a party to a search through nothing more than tacit approval."). Even if the initial search was conducted with the government's acquiescence, that acquiescence came from an FBI agent who reasonably believed that a third party, Edward Solomon, was in rightful possession of the boxes. Indeed, after being contacted by the agent on an unrelated matter, Solomon volunteered that he had boxes relating to Freedom Surf, Inc. and Senior Care Industries, Inc. in the garage of a home that he had bought from Phelan months earlier, and indicated to the agent that he would check the boxes. At most, the agent tacitly approved of the search of documents that he reasonably thought to be in the rightful possession of Solomon.[1] In any event, that search turned up no evidence whatsoever. On the other hand, the subsequent seizure of the boxes was quite

---

1. Phelan argues that the agent had reason to doubt the propriety of Solomon's possession, as Solomon had earlier informed the agent that he was in a real estate dispute with Phelan. However, the record indicates that Solomon did not communicate that the dispute related to the property where the boxes were located.

clearly carried out without the government's knowledge or encouragement, and hence, does not implicate the Fourth Amendment. *See Burdeau v. McDowell,* 256 U.S. 465, 475, 41 S.Ct. 574, 65 L.Ed. 1048 (1921).

Phelan also contends that the admission at trial of tape-recorded conversations between himself and a confidential informant who was not available for cross-examination violated his Sixth Amendment Confrontation Clause rights under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). But "[t]he Confrontation Clause does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *United States v. Logan,* 419 F.3d 172, 177 (2d Cir.2005) (quoting *Crawford,* 541 U.S. at 59 n. 9, 124 S.Ct. 1354) (alterations omitted). Because here, the informant's statements were admitted not for their truth, but for the non-hearsay purpose of providing context for the statements of Phelan and a co-conspirator, Phelan's claim must fail.

We have considered all of Phelan's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court. We also deny, as moot, Phelan's motion for bail pending appeal.