06-4061-cr
United States v. Hawkins

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

––––––––––––––––

August Term, 2007

(Argued: January 7, 2008                         Decided: January 16, 2008)

Docket No. 06-4061-cr

––––––––––––––––

UNITED STATES OF AMERICA,

*Appellee,*

—v.—

CHARLES E. HAWKINS, JR.,

*Defendant-Appellant.*

––––––––––––––––

B e f o r e :

WINTER, STRAUB, and SOTOMAYOR, *Circuit Judges*.

––––––––––––––––

Appeal from a judgment of conviction and sentence entered in the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*), the defendant having been convicted of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b), and sentenced principally to 40 months' imprisonment. On appeal, the defendant argues that § 2423(b) is an unconstitutional exercise of the Commerce Power and that the District Court erred in relying upon defendant's plea agreement with the government to deny his motions attacking the constitutionality of § 2423(b) on First Amendment and Fifth Amendment grounds.

Affirmed.

––––––––––––––––

PAUL J. CAMPANA, Assistant United States Attorney (Terrance P. Flynn, United States Attorney, *on the brief*), Buffalo, New York, *for Appellee*.

TIMOTHY W. HOOVER, Federal Public Defender's Office, Buffalo, New York, *for Defendant-Appellant*.

_____

*Per Curiam:*

On October 13, 2004, the parents of a 13-year-old girl informed their local police department in Cheektowaga, New York, that their daughter had been communicating with an unknown man online and on the telephone for the previous three weeks. The police contacted the Federal Bureau of Investigation ("FBI"), and the FBI learned that the individual had identified himself to the minor as Charlie Hawkins. Assuming the girl's identity, the FBI began communicating with Hawkins online. During these online conversations, Hawkins stated that he knew the girl's age and that he wanted to have sex with her at a motel near her home. In addition, Hawkins stated that he was then traveling from Montana and through several states in order to meet her. Eventually, Hawkins arranged a time and place to meet an individual that he believed was the 13-year-old Cheektowaga girl, and Hawkins drove from Ohio for that purpose. At that meeting time and place, law enforcement arrested Hawkins.

The government charged Hawkins with one count of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b). Hawkins pled guilty, and the District Court sentenced Hawkins principally to 40 months' imprisonment. On appeal, Hawkins argues that § 2423(b), the statute under which he was convicted, is unconstitutional, and that the District Court erroneously relied upon his plea agreement with the government in denying Hawkins's motion to dismiss.

2

As Hawkins concedes, we previously addressed his first ground for appeal — the constitutionality of 18 U.S.C. § 2423(b) under the Commerce Clause — in *United States v. Han*, 230 F.3d 560, 562-63 (2000). In that case, the defendant challenged the constitutionality of § 2423(b) on both First Amendment and Commerce Clause grounds. *Id.* After explicitly considering the merits of each challenge, we concluded that "§ 2423(b) was constitutionally applied to Han." *Id.* at 563. In doing so, we did not explicitly reject either constitutional challenge. *Id.* at 562-63. Hawkins interprets this arguable lack of specificity and the fact that the language quoted above immediately follows our First Amendment analysis as an implicit limitation of *Han* only to its First Amendment ground.

Such a reading of *Han* is wrong. As noted above, the defendant in that case presented two distinct and independent arguments that § 2423(b) was unconstitutional, and we considered the merits of both. After doing so, we concluded that § 2423(b) was constitutional. The *only* logical implication of such a conclusion is that § 2423(b) survives constitutional challenge on the two grounds presented in that case, the First Amendment and the Commerce Clause. As the Commerce Clause challenge articulated by Hawkins in this case is indistinguishable from that considered in *Han* and we see no compelling reason to disturb existing Second Circuit precedent,[1] Hawkins' appeal on this basis fails.

Hawkins also argues that the District Court erred in relying upon his plea agreement with the government to deny his motions to dismiss the information on First Amendment and Fifth Amendment grounds. Paragraphs 20, 21 and 23 of the plea agreement constitute a knowing

---

[1] Indeed, other circuits have recognized that *Han* holds that 18 U.S.C. § 2423(b) is constitutional under the Commerce Clause. *See United States v. Tykarsky*, 446 F.3d 458, 470 (3d Cir. 2006); *United States v. Bredimus*, 352 F.3d 200, 205 (5th Cir. 2003), *cert. denied*, 541 U.S. 1044 (2004).

waiver of any and all of Hawkins's rights to appeal or collaterally attack his sentence with only one exception — the District Court's denial of Hawkins's motion "to declare Title 18, United States Code, Section 2423(b), unconstitutional under the Commerce Clause of the United States Constitution." In other words, these paragraphs of the plea agreement contemplate only one motion by Hawkins before the District Court — one to dismiss the information on the ground that § 2423(b) is an unconstitutional exercise of the Commerce Power. To the extent that the language in those paragraphs could be read to allow Hawkins to submit other motions to the District Court, Hawkins has knowingly waived any right he might have had to appeal the District Court's dispositions of those motions. As such, we will not review an appeal on those grounds. *See United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir.1993), *cert. denied*, 509 U.S. 931 (1993) ("In no circumstance ... may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.").

For the foregoing reasons, we AFFIRM the judgment of the District Court.