08-0738-cv
Rhea v. Uhry

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of November, two thousand nine.

PRESENT:
> JOHN M. WALKER, Jr.,
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

Russell Boon Rhea,

> *Plaintiff-Appellant,*

> v.                                                   08-0738-cv

Alfred Uhry,

> *Defendant-Appellee.*

_____

FOR APPELLANT:        Russell Boon Rhea, *pro se*, Hartford, CT.

FOR APPELLEE:         James A. Armentano, Katz & Seligman, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED, that the judgment of the district court be and hereby is AFFIRMED.

Appellant Russell Boon Rhea appeals from the judgment of the district court entered in favor of the Appellee Alfred Uhry in Appellant's diversity action for defamation and intentional and negligent infliction of emotional distress. We assume the parties' familiarity with the underlying facts, proceedings below, and specification of appellate issues and hold as follows.

To the extent Appellant challenges the district court's grant of Appellee's cross-motion for summary judgment, we review an order granting summary judgment *de novo*, and ask whether the district court properly concluded there were no genuine material issues of fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)(quoting *Stern v. Trs. of Columbia Univ. in the City of N.Y.*, 131 F.3d 305, 312 (2d Cir. 1997)) (internal quotations marks omitted). We will

2

affirm the dismissal of a claim on summary judgment only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Id.* (alterations in original)(quoting *Legnani v. Alitalia Lines Aero Italiene, S.P.A.*, 274 F.3d 683, 685 (2d Cir. 2001)) (internal quotation marks omitted).

Under Connecticut law, "[i]t has long been established that there is an absolute privilege for statements made in judicial proceedings." *Petyan v. Ellis*, 200 Conn. 243, 245 (1986). "The policy underlying the privilege is that in certain situations the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements." *Id.* at 246. (quoting *Circus Circus Hotels, Inc. v. Witherspoon*, 99 Nev. 56, 61 (1983) (internal quotation marks omitted). "The privilege extends also to the proceedings of many administrative officers, such as boards and commissions, so far as they have powers of discretion in applying the law to the facts which are regarded as judicial or 'quasi-judicial' in character." *Id.* (quoting Prosser & Keeton, *Torts* (5th Ed.) § 114, at 818-19)(internal quotation mark omitted).

The Connecticut Supreme Court has identified several factors that assist in determining whether a proceeding is quasi-judicial in nature, including whether a body has the power to:

(1) exercise judgment and discretion; (2) hear and

3

> determine or to ascertain facts and decide; (3) make binding orders and judgments; (4) affect the personal or property rights of private persons; (5) examine witnesses and hear the litigation of the issues on a hearing; and (6) enforce decisions or impose penalties.

*Kelley v. Bonney*, 221 Conn. 549, 567 (1992). "Further, it is important to consider whether there is a sound public policy reason for permitting the complete freedom of expression that a grant of absolute immunity provides." *Id.* Finally, in a quasi-judicial proceeding, absolute privilege "extends to every step of the proceeding until final disposition." *Petyan*, 200 Conn. at 246.

Here, Appellant is correct that the Connecticut Department of Banking did not engage in a hearing after Appellee filed a letter alleging that Appellant had engaged in illegal conduct, and instead determined that the available information did not provide a reasonable basis for an action. However, Connecticut courts have provided absolute privilege for complaints seeking to initiate full quasi-judicial proceedings, even in cases where the complaint did not result in a full hearing. *See, e.g., Kelley*, 221 Conn. at 571; *Rand Constr., Inc. v. Walker*, 2002 Conn. Super. LEXIS 725 (Conn. Sup. Ct. 2002) (unpublished); *Bieluch v. Smith*, 1993 Conn. Super. LEXIS 1319 (Conn. Sup. Ct. 1993)(unpublished). Accordingly, the district court correctly determined that Appellee's letter merited absolute privilege.

To the extent Appellant challenges discovery rulings in the

4

district court, we review such rulings for abuse of discretion. *See Goetz v. Crosson*, 41 F.3d 800, 805 (2d Cir. 1994). "A district court abuses its discretion 'when the action taken was improvident and affected the substantial rights of the parties.'" *Id.* (quoting *In re Surety Ass'n of America*, 388 F.2d 412, 414 (2d Cir. 1967)). In this case, the magistrate judge did not abuse her discretion in limiting Appellant's discovery into Appellee's financial support for his daughter and his control of a trust, because such an inquiry was at best tangential to Appellant's claims. Moreover, the district court did not abuse its discretion in foreclosing an additional opportunity for Appellant to depose Appellee, because Appellant had the opportunity to depose Appellee for more than seven hours. *See* Fed. R. Civ. P. 30(d)(1).

To the extent Appellant challenges evidentiary rulings in the district court, "[d]ecisions to admit or exclude evidence are reviewed for abuse of discretion and are overturned only where arbitrary or irrational." *Provost v. City of Newburgh*, 262 F.3d 146, 163 (2d Cir. 2001)(quoting *United States v. Han*, 230 F.3d 560, 564 (2d Cir. 2000)(internal quotation marks omitted). Here, the district court did not abuse its discretion in excluding evidence of statements made by Appellee after Appellant filed his action, because such evidence was tangential to his claims. In addition, the district court did not abuse its discretion in

5

excluding testimony Appellant sought to admit at trial as hearsay evidence, because Appellant failed to demonstrate that an exception applied.

Finally, Appellant argues that the district court erred in finding that, because he failed to establish his defamation claim, he also failed to establish his claims for infliction of emotional distress. Insofar as Appellant argues that he could still raise infliction of emotional distress claims relating to Appellee's letter to the Connecticut Department of Banking, those statements receive absolute privilege for the reasons described above. *See Kelley*, 221 Conn. at 571 n.15. Appellant's argument additionally fails because his infliction of emotional distress claims stem from his defamation claim, and he presented no admissible evidence that Appellee made defamatory statements against him. *See Finnelli v. Tepfer*, 2009 Conn. Super. LEXIS 1114 (Conn. Sup. Ct. 2009) (unpublished); *Red Apple II, Inc. v. Hartford Courant*, 1996 Conn. Super. LEXIS 153 (Conn. Sup. Ct. 1996)(unpublished).

We have considered Appellant's remaining arguments on appeal and find them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

6