10-161-cr
United States v. Rico Beltran

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand eleven.

PRESENT:  GUIDO CALABRESI,
          GERARD E. LYNCH,
                    *Circuit Judges*,
          J. GARVAN MURTHA,
                    *District Judge.*[*]

-----------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

          v.                                    No. 10-161-cr

SILVESTRE RICO BELTRAN,
                    *Defendant-Appellant.*

-----------------------------------------------------------------

FOR APPELLANT:      Daniel Nobel, New York, New York.

FOR APPELLEE:       Richard C. Tarlowe, Assistant United States Attorney
                    (Katherine Polk Failla, on the brief), *for* Preet Bharara, United
                    States Attorney for the Southern District of New York, New
                    York, New York.

---

[*] Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Richard J. Sullivan, *J*.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Silvestre Rico Beltran appeals from his conviction in the Southern District of New York (Richard J. Sullivan, *J*.), after a one-week jury trial, of distributing and possessing with intent to distribute, and conspiring to distribute and possess with the intent to distribute, five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. Rico Beltran argues that the district court erred by: (1) denying his motion to suppress physical evidence seized from his apartment, and (2) declining to give a requested jury instruction stating that ownership and control of a vehicle, alone, does not establish constructive possession of drugs hidden in the vehicle. We assume the parties' familiarity with the relevant facts and procedural history of this case, and the issues presented on this appeal.

**I. Suppression Motion**

Before trial, Rico Beltran unsuccessfully moved to suppress evidence seized during a search of his residence. On appeal, he argues that the district court erred in finding that his co-defendant, Carlos Peña Ontiveros, voluntarily consented to the search.

Whether authorities obtained voluntary consent to conduct a search "is a question of fact to be determined from the totality of all the circumstances." Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973). "We will not reverse a finding of voluntary

consent except for clear error." United States v. Snype, 441 F.3d 119, 131 (2d Cir. 2006).

The court held an evidentiary hearing on the suppression motion, hearing testimony from the agents who conducted the search, and considering affidavits from Peña Ontiveros and Rico Beltran. The court credited the agents' testimony as "wholly credible and consistent," and found that it established the following: Agents knocked on the front door, the back door and windows of the residence at approximately 3:00 a.m. for twenty minutes, until Peña Ontiveros opened the front door. Special Agent Mildred Marin asked Peña Ontiveros if he spoke English, and he said he did. Marin asked whether the agents could enter the residence, and he said "yes." The agents entered the residence and conducted a protective sweep. Marin then asked Peña Ontiveros for consent to search the apartment, and Peña Ontiveros said "yes, you can." The agents conducted the search at issue. One agent found approximately two kilograms of cocaine and $98,000 in cash behind a vent in a closet. Elsewhere in the apartment, agents found various items commonly used in connection with drug trafficking, including a heat-sealing machine, a digital scale, and a money-counting machine.

The district court rejected as incredible the defendants' version of events, which asserted that the defendants repeatedly denied the agents' requests to enter the residence as the agents brandished weapons, yelled, and threatened them. The defendants alleged that the agents eventually tricked them into letting the agents into the residence by asking to use the bathroom, a scenario that the district court stated "strains credulity." The court explicitly credited the agents' testimony over the defendants' conflicting assertions.

3

The court further found that Peña Ontiveros was a middle-aged man who speaks English, who faced no questioning or physical punishment prior to giving consent, who was not in custody at the time of consent, and who remained calm during his interactions with the agents. On the totality of the circumstances, the district court found that the consent Peña Ontiveros gave the agents was voluntary.

We cannot say that the district court committed any error, let alone clear error, in so holding. There is no basis for overturning the court's factual findings, which were based on its assessment of witness credibility and to which we therefore owe particular deference. See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 575 (1985). On the facts found by the district court, Rico Beltran has made no showing that Peña Ontiveros's consent was involuntary. We therefore see no reason to reverse the district court's holding that the consent was voluntary.

Rico Beltran argues that even if Peña Ontiveros voluntarily consented to a search, the agents conducting the search exceeded his consent because he consented only to a minimal sweep for protective purposes. "The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness – what would the typical reasonable person have understood by the exchange between the officer and the suspect?" Florida v. Jimeno, 500 U.S. 248, 251 (1991). Given that Peña Ontiveros gave a general, open-ended consent to search the apartment, and that the agents already had conducted a protective sweep of the apartment before the request was made, we see no error in the court's finding that the search that was conducted was within the

4

scope of Peña Ontiveros's consent.

Rico Beltran also argues (for the first time on appeal) that the district court failed to consider his allegation that immediately prior to the search the police engaged in an unconstitutional canine sniff of the bed of a truck he was driving. However, the propriety of the canine sniff has no bearing on the voluntariness of the consent to search the residence, because Rico Beltran has made no showing that Peña Ontiveros knew about the canine sniff when he consented to the search or that the canine sniff had any consequence for the seizure of the evidence in question. Finally, Rico Beltran's argument that the search was invalid because the agents lacked a warrant fails because consent searches without a warrant are constitutionally valid. See Schneckloth, 412 U.S. at 222.

**II. Jury Instruction**

Agents also found drugs hidden in the area between the engine and the cab of the truck. Prior to trial, he unsuccessfully sought an instruction specifically informing the jury that ownership and control of a vehicle, alone, does not establish constructive possession of drugs hidden in the vehicle. He now argues that the district court erred by declining to provide that instruction.

We review a jury instruction de novo, reversing only where "viewing the charge as a whole, there was prejudicial error." See United States v. Aina-Marshall, 336 F.3d 167, 170 (2d Cir. 2003). A defendant generally "cannot dictate the precise language of the charge," United States v. Han, 230 F.3d 560, 565 (2d Cir. 2000), and a defendant who challenges the district court's refusal to deliver a requested instruction bears a "heavy

5

burden" of showing not only that his proposed charge accurately represents the law, but also that the charge actually given, without his requested instruction, prejudiced him. United States v. Feliciano, 223 F.3d 102, 116 (2d Cir. 2000).

Rico Beltran proposed the following language concerning constructive possession, based on United States v. Pennington, 20 F.3d 593 (5th Cir. 1994):

> The government may not rely upon a defendant's ownership and control of a vehicle to prove the defendant knew that he possessed a controlled substance. While these are factors you may consider, the government must prove that there is other evidence indicating the defendant's guilty knowledge of a controlled substance hidden in the vehicle.

The court rejected this language as unnecessary, because the proposed charge did not permit the jury to convict Rico Beltran based merely on his control of the truck.

The district court's jury charge defined constructive possession as follows:

> A person need not have actual, physical possession – that is, physical custody of an object – to be in legal possession of it. If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody, and that person has the intent to exercise such control, then he is in possession of that article.

The court also explained that in order for an act to be done knowingly and intentionally it must be "the product of the defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence or some other innocent reason."

Finally, the court explained that "the government must prove beyond a reasonable doubt that the defendant knew that he possessed narcotics and that his actions in distributing the narcotics or possessing the narcotics with intent to distribute them were

6

not due to carelessness, negligence, or mistake."

Rico Beltran has failed to show any error in the district court's jury instruction, or prejudice because the court rejected his requested instruction. His requested instruction relies exclusively on an out-of-circuit case that required a similar constructive possession instruction where the sole defense had focused on constructive possession, and the district court's jury charge had failed entirely to address the issue. See Pennington, 20 F.3d at 600. The charge in the instant case, by contrast, fully advised the jury that in order to convict it had to find that Rico Beltran intended to exercise control over the drugs and knew that he possessed them. The government offered ample evidence from which the jury could infer Rico Beltran's knowledge and intent, and the government never argued that knowledge or intent could be inferred merely from control over the truck. Accordingly, the district court was well within its discretion in denying Rico Beltran's requested instruction.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7