22-1329-cr
*United States v. Kasimov*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand twenty-four.

PRESENT:   BARRINGTON D. PARKER,
           STEVEN J. MENASHI,
           BETH ROBINSON,
                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee*,

    v.                                                              No. 22-1329

DILKHAYOT KASIMOV,

     *Defendant-Appellant*.[*]

_____

_____

[*]  The Clerk of Court is directed to amend the caption as set forth above.

*For Defendant-Appellant*:  AMITH GUPTA, American Trial Law Litigators, LLC, Atlanta, GA.

*For Appellee*:  DOUGLAS M. PRAVDA, Assistant United States Attorney (Saritha Komatireddy, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Dilkhayot Kasimov appeals from a judgment of conviction entered by the United States District Court for the Eastern District of New York. A jury convicted Kasimov of conspiring to provide material support to the foreign terrorist organization the Islamic State of Iraq and Syria ("ISIS")[1]—and of attempting to provide material support to ISIS—in violation of 18 U.S.C. § 2339B(a)(1). The district court sentenced Kasimov to 180 months of imprisonment on each count, to run concurrently, followed by ten years of supervised release.

On appeal, Kasimov argues that (1) the evidence at trial was insufficient to support the jury's finding that he acted with the requisite knowledge, (2) the district court erred by declining to instruct the jury about the First Amendment to

---

[1] ISIS has also been called the Islamic State of Iraq and al-Sham, the Islamic State of Iraq and the Levant, and the Islamic State of Iraq.

2

the U.S. Constitution, (3) the district court deprived him of his right to testify, and (4) the district court erred by applying the terrorism enhancement under the Sentencing Guidelines. We disagree and affirm the judgment.

We review the judgment with respect to each of Kasimov's arguments *de novo*. *See, e.g.*, *United States v. Raniere*, 55 F.4th 354, 364 (2d Cir. 2022) ("When preserved, we review claims of insufficient evidence *de novo*.") (quoting *United States v. Capers*, 20 F.4th 105, 113 (2d Cir. 2021)); *United States v. Gonzalez*, 407 F.3d 118, 122 (2d Cir. 2005) ("The propriety of the district court's refusal to provide requested jury instructions is a question of law that we review *de novo*."); *United States v. McCrimon*, 788 F.3d 75, 78 (2d Cir. 2015) ("We review the district court's interpretation of the Guidelines de novo and its factual findings for clear error."). In doing so, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I**

"[A] defendant raising a sufficiency challenge 'faces a heavy burden.'" *Raniere*, 55 F.4th at 364 (alteration omitted) (quoting *Capers*, 20 F.4th at 113). When considering such a challenge, "we must sustain the jury's verdict if, crediting every inference that could have been drawn in the government's favor and viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. (quoting *Capers*, 20 F.4th at 113); *see also Cavazos v. Smith*, 565 U.S. 1, 2 (2011) ("A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.").

Kasimov argues the evidence was insufficient to establish beyond a reasonable doubt two elements of the charged offenses: (1) that he knew the individual to whom he provided money, Akhror Saidakhmetov, intended to travel to Syria to fight for ISIS, and (2) that he knew ISIS either was designated as a foreign terrorist organization or had engaged in terrorism or terrorist activity. We conclude that the evidence was sufficient.

**A**

The primary witness for the government, Abror Habibov, testified that he told Kasimov "about Saidakhmetov's interest in going to Syria to fight for ISIS" and that he and Kasimov talked "about Saidakhmetov going to Syria to fight." Gov't App'x 242. Habibov also testified that he requested Kasimov's financial support because Habibov believed, based on their prior conversations, that Kasimov would want to support Saidakhmetov's plan to fight for ISIS. Given Habibov's testimony, a rational jury could infer that Kasimov knew Saidakhmetov planned to fight for ISIS. *See United States v. Jones*, 393 F.3d 107, 111 (2d Cir. 2004) ("[W]e defer to … the jury's choice of the competing inferences that can be drawn from the evidence.") (internal quotation marks omitted).

Kasimov argues that the jury could have reasonably inferred only that he knew Saidakhmetov intended to travel to Syria to fight for some—possibly benign—reason. Kasimov points to Habibov's testimony that he "d[id] not remember" whether he specifically told Kasimov that Saidakhmetov planned to "go[] to Syria to fight for ISIS." Gov't App'x 242. But we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved" such competing inferences "in favor of the prosecution, and [we] must defer to that resolution." *Cavazos*, 565 U.S. at 7 (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)).

Kasimov faults the government for relying on circumstantial evidence and for failing to disprove alternative explanations for some of Kasimov's conduct. The government was entitled to rely on such evidence. "The law is well established that the government may secure conviction based solely on circumstantial evidence, provided it is sufficient to prove the elements of the charged crime beyond a reasonable doubt." *United States v. Abu-Jihaad*, 630 F.3d 102, 135 (2d Cir. 2010). The sort of evidence that the government introduced—that Kasimov defended the legitimacy of ISIS, said he wished to live in ISIS-controlled territory, knew and supported others who traveled to Syria to fight for ISIS, and possessed

4

ISIS propaganda videos—allowed the inference that he understood what it meant for Saidakhmetov to travel to Syria to fight. Kasimov argues that each piece of such evidence, in isolation, would be insufficient to establish his knowledge. But even if "each piece of evidence may on its own have been too thin a thread to allow a rational jury to find [an element of the offense] beyond a reasonable doubt," we still must affirm a conviction if "the evidence weaved together to create a rope strong enough to hold the conviction." *United States v. Gershman*, 31 F.4th 80, 99 (2d Cir. 2022). Moreover, "the Government 'need not negate every theory of innocence.'" *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008) (quoting *United States v. Glenn*, 312 F.3d 58, 63 (2d Cir. 2002)).

**B**

The evidence at trial was also sufficient to establish that Kasimov knew that ISIS "has engaged or engages in terrorist activity" or "has engaged or engages in terrorism." 18 U.S.C. § 2339B(a)(1). Section 2339B(a)(1) cross-references the definition of "terrorist activity" in the Immigration and Nationality Act, which defines "terrorist activity" to include "[t]he highjacking or sabotage of any conveyance (including an aircraft, vessel, or vehicle)" and "[t]he use of any … explosive, firearm, or other weapon or dangerous device … with intent to endanger … the safety of one or more individuals or to cause substantial damage to property." 8 U.S.C. § 1182(a)(3)(B)(iii)(I), (V). Section 2339B(a)(1) additionally cross-references the definition of "terrorism" in the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989, which defines "terrorism" as "premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents." 22 U.S.C. § 2656f(d)(2).

Habibov testified that he discussed ISIS with Kasimov, including the "legitimacy of Islamic State as declared by ISIS," as well as the people they knew who "were on the battle ground with ISIS," and that Kasimov had suggested that "it would be preferrable living in the territory of [the] Islamic State." Gov't App'x 238. The government introduced text messages in which Kasimov said that Saudi

5

Arabia was insufficiently zealous and that he believed that "those pious ones are going to Gaza, Syria, or at least, to Iraq." *Id.* at 523-25**.** When Kasimov was arrested, his phone contained several ISIS propaganda videos that featured ISIS fighters holding weapons in front of the ISIS flag, ISIS fighters in military apparel operating tanks, and an explosion followed by a celebratory chant. *Id.* at 189-95, 406-14, 546-50. From this evidence, a rational jury could have found beyond a reasonable doubt that Kasimov knew that ISIS "has engaged or engages in terrorist activity" or "that [ISIS] has engaged or engages in terrorism." 18 U.S.C. § 2339B(a)(1).

## II

Kasimov argues that the jury should have been instructed not to interpret his possession of ISIS propaganda videos and his political and religious views in a manner that would abridge his rights under the First Amendment. We will not overturn a conviction for refusal to give a requested jury instruction "unless that requested instruction is legally correct, represents a theory of defense with basis in the record that would lead to acquittal, and the theory is not effectively presented elsewhere in the charge." *United States v. Holland*, 381 F.3d 80, 84 (2d Cir. 2004) (alteration omitted) (quoting *United States v. Han*, 230 F.3d 560, 565 (2d Cir. 2000)).

As the Supreme Court has recognized, "[t]he First Amendment ... does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent." *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993). Kasimov's expression of support for ISIS—and his related possession of ISIS videos—was itself protected by the First Amendment. But it was *also* probative of his knowledge of ISIS and specifically of his knowledge that ISIS was engaged in terrorist activity or terrorism.

For that reason, Kasimov's proposed First Amendment instruction does not "represent[] a theory of defense with basis in the record that would lead to acquittal." *Holland*, 381 F.3d at 84 (quoting *Han*, 230 F.3d at 565). The conduct that formed the basis of Kasimov's conviction—providing funds to Saidakhmetov to

6

travel to Syria to fight for ISIS—was not an activity that the First Amendment protects. Nor does the First Amendment somehow prevent his statements related to that activity from being introduced to prove his knowledge.

**III**

The record makes clear that the district court did not deprive Kasimov of the right to testify. "[T]he right to testify is personal to the defendant," which means that "any decision to waive this right by the defendant [must be] knowingly and intentionally made." *Brown v. Artuz*, 124 F.3d 73, 78 (2d Cir. 1997). There is "no general obligation on the trial court to inform a defendant of the right to testify and ascertain whether the defendant wishes to waive that right." *Id.* at 79. In any event, the district court clearly explained to Kasimov that it was his choice whether to testify:

> As you well know, Mr. Kasimov, it is your call as to whether you testify or not. You are the client. It is your decision. You have the right not to testify or the right to testify and I will advise you again even further with respect to that right on the record now just so you have this in mind.
>
> You have the right to testify on your own behalf, sir, if you wish to do so. On the other hand, you may not be forced to be a witness at your trial. This is because under the Constitution and the laws of the United States no person can be compelled to be a witness in his own case. You are not required to testify. There is never a requirement and never an expectation implicit or implicit that you as a defendant will take the stand and testify. You never ever have to do so. It is the Government's burden to prove that you are, in fact, guilty beyond a reasonable doubt and that burden remains solely with the Government throughout the entire trial. You do not have to prove you are innocent. You do not have to prove anything at all.
>
> You certainly do not have to testify and the jury may not attach any significance to the fact that you did not testify if you elect not to

7

testify. And I will instruct them with respect to that, as I have throughout.

Gov't App'x 417-18. At no time following this colloquy did Kasimov indicate that he wished to testify.

Kasimov argues that an earlier colloquy about the cross-examination of a witness impacted his decision, days later, not to testify. While that colloquy was forceful, it made no mention of Kasimov's right to testify. "[D]ecisions as to [the] nature and extent of cross-examination are strategic." *United States v. Luciano*, 158 F.3d 655, 660 (2d Cir. 1998). That distinguishes such decisions from "the defendant's right to testify," which is a "personal right" and "waivable only by the defendant himself regardless of tactical considerations." *Brown*, 124 F.3d at 77-78.

The record indicates that Kasimov knowingly and voluntarily chose to forego testifying after the district court ensured that Kasimov knew it was his decision to make. *See United States v. Siddiqui*, 699 F.3d 690, 706 (2d Cir. 2012).

**IV**

Kasimov argues that the district court incorrectly applied the terrorism enhancement at sentencing because the government failed to prove that Kasimov intended to further ISIS's political goals of fighting the governments of Iraq or Syria. Under § 3A1.4 of the Sentencing Guidelines, "[i]f the offense is a felony that involved, or was intended to promote, a federal crime of terrorism," then the district court should "increase by 12 levels" the offense level, and "the defendant's criminal history category … shall be Category VI." A "federal crime of terrorism" is a crime that both "is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct," 18 U.S.C. § 2332b(g)(5)(A), and is a violation of one or more enumerated statutes, including "section 2339B (relating to providing material support to terrorist organizations) … of this title," *id*. § 2332b(g)(5)(B)(i).

8

The district court did not err in determining that Kasimov's offense was "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct" and that it "involved" a violation of § 2339B. The government presented evidence that ISIS seized control of land from the governments of Iraq and Syria as part of ISIS's mission to establish a caliphate. Kasimov argues that the terrorism enhancement is inapplicable because the government did not prove that he had the specific intent to sponsor Saidakhmetov for the purpose of fighting the governments of Iraq or Syria. Yet the government did not need to prove that Kasimov was "personally motivated by that objective" for the enhancement to apply. *United States v. Awan*, 607 F.3d 306, 317 (2d Cir. 2010). Rather, the terrorism enhancement applies as long as the government shows that Kasimov, "for whatever reason or motive," sought "to achieve" the objective of assisting Saidakhmetov in traveling to Syria to fight for ISIS, an organization that Kasimov knew had engaged in political violence against the governments of Iraq and Syria. *Id.* The record was sufficient to make that showing.

*   *   *

We have considered Kasimov's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9