14-922-cr(L)
United States v. Betancourt & Fernandez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand sixteen.

PRESENT:    RALPH K. WINTER,
            REENA RAGGI,
            CHRISTOPHER F. DRONEY,
                 *Circuit Judges*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
                 *Appellee*,

              v.                                    Nos.   14-922-cr(L)
                                                           14-1043-cr(Con)

JOSE BETANCOURT, AKA Sealed Defendant 5, DANIEL FERNANDEZ, AKA Sealed Defendant 2, RICARDO PIMENTEL, AKA Scarface, AKA Richardo Pimentel, AKA Zook, MIGUEL CANTRES-SANJURJO, OSCAR RODRIGUEZ, AKA Chan, AKA Chang,

                 *Defendants-Appellants*,

MANUEL GEOVANNY RODRIGUEZ-PEREZ, AKA Sealed Defendant 1, AKA Manny, Agent of Shorty, JESUS SANCHEZ, AKA Sealed Defendant 3, MIGUEL CERDA, AKA Sealed Defendant 4, AKA Manganzon, ARTURO MENA-SIFONTA, AKA Sealed Defendant 6, AKA La Vieja, ADEL SANTANA-ZAMORA, AKA

1

Sealed Defendant 7, AKA Adel Santana, OSMEL VAZQUEZ-PEREZ, AKA Sealed Defendant 8, AKA Come Pizza, AKA Omel, IDAEL MENA-HERNANDEZ, AKA Sealed Defendant 9, AKA Fidel, JAVIER FALCON, AKA Sealed Defendant 10, JIMMY LOPEZ, AKA Chuck, EDWING ALBERTO HERRERA, AKA Shampoo, AKA Edwin Alberto Herrera, NELSON AUGUSTO MATO, LETICIA RAPOSO, AKA La Rubia, KAREEM BURKE, AKA Biggs, JENNY CASTILLO, ROSEMARY DEJESUS, AKA Rosy, WILLIAM ALCIBIO DELGADO, AKA Mejor, EDGAR ENCARNACION-LAFONTAINE, AKA Tapon, ALFONSO GARCIA, AKA Fonz, AKA Fonse, KLEVI GUTIERREZ, AKA Black, ISIDRO ESMELIN HERRERA, ESTALIN RICHARD JIMENEZ-PEREZ, AKA Milton Delgado, AKA Javier Ramirez-Santiago, JULIO CESAR LEONARDO RAMIREZ, FRANCISCO LEONARDO, LUIS ANTONIO LUCIANO, AKA Lucky, AKA Louis Luciano, MICHAEL MARTINEZ, AKA Miguel Doleo, ROBERT MARTINEZ, ABEL MATOS, AKA Viejo, ERICK FULGENCIO NUNEZ, AKA Eddie, AKA Mongolico, FRANKLIN MANUEL PACHECO-VALDEZ, DEYANIRA PAULINO-GOMEZ, AKA Maritza Alvarez-Cruz, ARIEL PENA, AKA Bin, AKA Vin, JOSE RAMON PEREZ, LEODIS PEREZ, AKA Leodi, MIRIAM PIMENTEL, VICTOR QUEZADA, AKA Gordo, AKA Jose Hiram Quintero-Callejas, EMMANUEL RAMIREZ, AKA Titi, MICHAEL ANGELO REYES, AKA Kiki, EDWIN RIVERA, AKA Papote, JOSE A. RODRIGUEZ, AKA Viejo, ANDRES ROJAS CONEJO, MATTHEW SANTIAGO, AKA Dirt, MATTHEW WOODSTOCK STANG, AKA Magazine Guy, JEROME SIMPSON, AKA Suburban, DANIEL VALDEZ, CHRISTOPHER VIZCAINO, AKA Chuch, AKA Pechuch, AKA Pechucho, JOSE MANUEL ESPINAL, ORLANDO RODRIGUEZ, AKA Ramon A. Perez, AKA Luca, AKA Lucas, FELIPE CANTRES-SANJURJO, THEODORE JONES, ELIN SANCHEZ,

*Defendants.*

------------------------------------------------------------------------

2

APPEARING FOR APPELLANTS:     ANDREW H. FREIFELD, Law Office of Andrew H. Freifeld, New York, New York, *for* Daniel Fernandez.

B. ALAN SEIDLER, ESQ., New York, New York, *for* Jose Betancourt.

APPEARING FOR APPELLEE:     SARAH EDDY MCCALLUM, Assistant United States Attorney (Brian A. Jacobs, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from judgments of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments entered on April 3, 2014, (as to Daniel Fernandez) and April 14, 2014, (as to Jose Betancourt) are AFFIRMED.[1]

Defendants Daniel Fernandez and Jose Betancourt appeal from convictions for conspiring to distribute at least 1,000 kilograms of marijuana. See 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), 846. Fernandez, who stands convicted after a jury trial, argues on appeal that (1) the district court erred in denying him a mistrial, (2) the district court's multiple conspiracy jury charge was erroneous, (3) there was a prejudicial variance between the indictment and the trial evidence, and (4) the evidence was

---

[1] Although we here resolve only the cases of Fernandez and Betancourt, the consolidated appeal also involves defendant Miguel Cantres-Sanjurjo. In an order dated January 25, 2016, we granted the Anders motion filed by Cantres-Sanjurjo's counsel, and the government's motions to dismiss and for summary affirmance. The consolidated appeal also originally involved Ricardo Pimentel, who has since withdrawn his appeal, and Oscar Rodriguez, whose appeal has been unconsolidated from those of his co-defendants.

3

insufficient to support his conviction.  Betancourt, who pleaded guilty, contends that (1) he should have been allowed to withdraw from his plea agreement, and (2) he received ineffective assistance of counsel in connection with the plea agreement.  We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Fernandez

    a.      Motions for a Mistrial

Fernandez repeatedly sought a mistrial, arguing in particular that testimony from Richard Jimenez and Edwin Herrera about drug quantities sold denied him a fair trial because their activities pertained to conspiracies distinct from the one charged.  In denying Fernandez's motions, the district court accepted the government's contention that Fernandez's and the witnesses' use of the same narcotics suppliers and transporters admitted a finding that they were all members of the charged conspiracy.  This conclusion was not based on a clearly erroneous assessment of the evidence or an erroneous view of the law and, accordingly, we identify no abuse of discretion in the district court's denial of Fernandez's motions for a mistrial.  See United States v. Yannai, 791 F.3d 226, 242 (2d Cir. 2015).

    b.      Jury Instructions

Fernandez faults the district court for not giving his proposed multiple conspiracies jury charge and instead using its own language.  We review a preserved challenge to a jury instruction de novo, "viewing the charge as a whole," and will reverse

4

only if we identify both error and prejudice. United States v. Sabhnani, 599 F.3d 215, 237 (2d Cir. 2010) (internal quotation marks omitted). Neither is evident here.

Assuming that a multiple conspiracies charge was warranted in this single-defendant trial, see United States v. Corey, 566 F.2d 429, 431 n.3 (2d Cir. 1977), we identify no error in the district court's charge, which adequately informed the jury that it must find "beyond a reasonable doubt that the conspiracy charged in the indictment existed," and that "[p]roof that the defendant was a member of some other conspiracy is not enough to convict," J.A. 1482; see United States v. Aracri, 968 F.2d 1512, 1520 (2d Cir. 1992) (explaining that multiple conspiracy charge must instruct jury that to convict defendant, it must find "that he was a member of the conspiracy charged in the indictment and not some other conspiracy" (internal quotation marks omitted)). Fernandez nevertheless argues that the district court's instruction that a single conspiracy may exist even if some members of the conspiracy competed with each other, although legally correct, was erroneous here because it is inapplicable to the facts of this case. The record defeats this argument. Indeed, Fernandez himself argued at length in summation that the government failed to prove the existence of a single conspiracy because various alleged co-conspirators were in fact Fernandez's competitors. While Fernandez also faults the district court for declining to use specific language from his proposed charge, precedent instructs that a defendant is not entitled to "dictate the precise language of the charge" and "has no cause to complain" where, as here, the instructions

5

accurately state the law. United States v. Han, 230 F.3d 560, 565 (2d Cir. 2000) (internal quotation marks omitted).

In any event, Fernandez fails to demonstrate prejudice from the alleged charging error because, as discussed infra, there was ample evidence from which the jury could find beyond a reasonable doubt that Fernandez was a member of the charged conspiracy. See United States v. Vazquez, 113 F.3d 383, 386 (2d Cir. 1997). Thus, Fernandez's jury-instruction challenge is without merit.

c.    Prejudicial Variance

Fernandez submits that there was a prejudicial variance between the indictment, which charged a single conspiracy, and the trial evidence, which he alleges proved at least seven distinct conspiracies. We permit "significant flexibility" in proof at trial, "provided that the defendant was given notice of the core of criminality to be proven," and we will reverse on a variance claim only upon a showing of "substantial prejudice," United States v. Pierce, 785 F.3d 832, 845–46 (2d Cir. 2015), which we do not identify here.

In urging otherwise, Fernandez argues that he was prejudiced by evidence that permitted the jury to consider drug quantities related to uncharged conspiracies in determining whether Fernandez participated in the charged conspiracy to distribute at least 1,000 kilograms of marijuana. The argument fails because, although the district court charged that Fernandez was responsible for all drugs dealt by his coconspirators that were reasonably foreseeable to him, it made clear that for Fernandez to be

6

responsible for those amounts they must have been "within the scope of the criminal activity that he jointly undertook." J.A. 1493. Because we presume that the jury followed this instruction, see United States v. Williams, 690 F.3d 70, 77 (2d Cir. 2012), and because we have already concluded that the jury was properly instructed on multiple conspiracies, Fernandez's argument that he was erroneously held jointly responsible for quantities of marijuana unrelated to his conspiracy is unavailing. Further, as we will now explain, there was ample evidence from which the jury could conclude that Fernandez was a member of the conspiracy charged in the indictment and that, in connection with that conspiracy, he dealt in 1,000 kilograms or more of marijuana. Accordingly, Fernandez was "given notice of the core of criminality to be proven at trial," and his variance claim fails. United States v. Pierce, 785 F.3d at 846 (quoting United States v. Bertolotti, 529 F.2d 149, 154 (2d Cir. 1975)).

d. Sufficiency Challenge

We review a sufficiency challenge de novo and must affirm the conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); accord United States v. Kozeny, 667 F.3d 122, 139 (2d Cir. 2011). Although Fernandez concedes that there was sufficient evidence to prove that he conspired to distribute marijuana, he submits that there was insufficient evidence to prove that (1) the charged conspiracy existed, and (2) he knew or reasonably could have foreseen that the conspiracy involved

7

1,000 kilograms or more of marijuana. See United States v. Santos, 541 F.3d 63, 70–71 (2d Cir. 2008) (describing elements of drug conspiracy under 21 U.S.C. § 841(b)(1)(A)). We disagree.

The indictment alleged that from approximately 2004 to October 2010, Fernandez conspired with Betancourt, Idael Mena-Hernandez, and "others known and unknown," to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana. J.A. 106–07. The trial record, viewed in the light most favorable to the government, showed an agreement among Fernandez, his brother-in-law Betancourt (referred to as "The Relative"), and Arturo Mena-Sifonte (referred to as "La Vieja"), to transport marijuana from Miami, Florida to New York for re-sale to various dealers. Fernandez obtained the marijuana from Miami suppliers such as Eugene Amado Gonzalez and Luis Castillo, and then sent the drugs to New York either with (1) Betancourt, who smuggled narcotics in trucks that transported flowers for a company owned by Mena-Hernandez and his wife; or (2) Mena-Sifonte. After delivering marijuana to New York-area dealers, including Manny Rodriguez and Manny Caballero, Betancourt or Mena-Sifonte would return to Miami with payment for the drugs. Thus, there was ample evidence to allow the jury to find proved both the charged conspiracy and Fernandez's membership in it. See United States v. Payne, 591 F.3d 46, 62 (2d Cir. 2010) ("Even if multiple conspiracies are found, the jury should convict the defendant if it finds that one of the proven conspiracies was the one alleged in the indictment and that the defendant was a member of it."); United States v. Berger, 224 F.3d 107, 115 (2d Cir. 2000) ("In the context

8

of narcotics operations, . . . a single conspiracy exists where the groups share a common goal and depend upon and assist each other, and we can reasonably infer that each actor was aware of his part in a larger organization where others performed similar roles." (internal quotation marks omitted)).

The trial record further demonstrated that Fernandez knew or reasonably could have foreseen that this conspiracy involved at least 1,000 kilograms of marijuana. Fernandez again argues that there was testimony of drug quantities dealt by distinct drug conspiracies for which he could not be held responsible. Even without considering those disputed quantities, however, the evidence, viewed in the light most favorable to the government, showed that Fernandez (1) purchased at least 630 kilograms of marijuana between August 2008 and October 2010 from Gonzalez, who was only one of several suppliers with whom Fernandez worked during the period charged in the indictment; (2) sold approximately 20 kilograms of marijuana to Manny Caballero a "few times," J.A. 624–25; (3) sold marijuana to Manny Rodriguez at least as early as January 2007; and (4) sold marijuana to Manny Rodriguez in 2010 at a rate of approximately 40 kilograms each month. Because a reasonable jury could conclude from the totality of this evidence that over the six-year charged conspiracy, Fernandez dealt in at least 1,000 kilograms of marijuana, his sufficiency challenge fails.

2.    Betancourt

    a.    Motion To Withdraw Plea Agreement

Betancourt argues that he should have been permitted to withdraw from his plea agreement—but not his guilty plea—because he was suffering from depression that rendered him incapable "of making intelligent, and thought-out decisions" at the time he signed the agreement.  Betancourt Br. 12.  Like the district court, we conclude that Betancourt has failed to establish a "fair and just reason" for withdrawing from his plea agreement.  United States v. Lopez, 385 F.3d 245, 255 (2d Cir. 2004).[2]  Betancourt's rationale for withdrawal is in direct conflict with his plea allocution, at which time he confirmed, among other things, that (1) although he was taking medication to treat anxiety, he was able to understand complex information and make important decisions for himself; (2) he reviewed and understood the plea agreement before signing it; and (3) he understood that the stipulated sentencing Guidelines range was 120 months' imprisonment in light of the mandatory minimum sentence.  Because "[s]olemn declarations in open court carry a strong presumption of verity," Blackledge v. Allison, 431 U.S. 63, 74 (1977), Betancourt has failed to demonstrate sufficient reason for withdrawing from his plea agreement.

---

[2]  Because we conclude that the district court committed no error in denying Betancourt's motion, we need not resolve whether our review of this issue is de novo or for abuse of discretion.

10

b.      Ineffective Assistance of Counsel

Betancourt contends that former counsel was ineffective in advising him to sign a plea agreement because that agreement precluded him from seeking safety valve relief. See 18 U.S.C. § 3553(f).   He alleges that he "wanted an additional safety valve proffer," although he does not make clear whether he so informed his former counsel.   Betancourt Br. 13.

We generally will not consider ineffective assistance claims on direct appeal because the record frequently requires further development, a matter better suited to a collateral challenge pursuant to 28 U.S.C. § 2255.   See Massaro v. United States, 538 U.S. 500, 504–05 (2003); cf. United States v. Kimber, 777 F.3d 553, 562 (2d Cir. 2015) (addressing ineffective assistance claim on direct appeal where record admitted resolution "beyond any doubt" (internal quotation marks omitted)).

The government contends that Betancourt's ineffective assistance claim necessarily fails because his leadership role in the offense and his untruthfulness in a previous proffer session rendered him ineligible for safety valve relief.   See 18 U.S.C. § 3553(f)(4)–(5).   The record, however, does not permit us to resolve these issues "beyond any doubt."   United States v. Kimber, 777 F.3d at 562.   Indeed, the matter may well require further submissions from Betancourt, his former counsel, and the government.   Accordingly, we decline to hear Betancourt's ineffective assistance claim on direct appeal, leaving him to pursue it, if he chooses, in a § 2255 petition.

11

3.      Conclusion

We have considered defendants' remaining arguments and conclude that they are

without merit.    We therefore AFFIRM the judgments of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, Clerk of Court